JEFFERSON COUNTY FISCAL
COURT et al., Appellant,

v.

John ROSS, Appellee.

Court of Appeals of Kentucky.

May 21, 1954.

As Modified on Denial of Rehearing
Dec. 10, 1954.

Albert F. Reutlinger and Robert L. Page, Louisville, for appellants.

Harold Marquette, Louisville, for appellee.

MILLIKEN, Justice.

The appellee, John Ross, obtained a judgment for $7,033.07 for injuries and damages sustained in an automobile collision on Dixie Highway in Jefferson County, August 24, 1951. Both the Plymouth automobile of the appellee and the truck belonging to the Jefferson County Fiscal Court were proceeding in a southerly direction, and the accident occurred when the Plymouth attempted to pass the truck near the "T" intersection of Pendleton Road which entered Dixie Highway from the east. Through this area Dixie Highway has four traffic lanes, two for southbound traffic and two for northbound traffic with a narrow grass plot between the two pairs of directional lanes except in the area of the intersection.

The case was submitted to the jury on conflicting evidence. The appellee, the occupants of his automobile, and one neutral witness testified that the driver of the truck, which was traveling in the righthand, southbound lane, attempted to turn left, across the lefthand, southbound lane, into Pendleton Road without signaling and, at the moment, when the Plymouth of the appellee attempted to pass after its horn was sounded for that purpose. The Plymouth had passed several vehicles which were trailing the truck, and had just started to pass the truck when the accident occurred. The driver of the truck declared that he not only signaled with his hand his intention to turn into Pendleton Road, but also signaled his intention with a mechanical or electrical sig-

nal device with which the truck was equipped. The driver of the truck admitted that he "didn't see no car close to the truck at all" immediately before the accident, and that he was just getting ready to turn his truck to the left before the impact, that he might have had his wheels cut to the left just a little.

■ The appellants contend that they were entitled to an instruction under KRS 189.330(2) to the effect that the Plymouth should have yielded the right of way at the "T" intersection to the truck which, they contend, was approaching from the right. The statute has been applied at such an intersection. Cook v. Gillespie, 259 Ky. 281, 82 S.W.2d 347. However, in the light of the testimony, the trial judge correctly refused to give such an instruction because the accident did not occur in an intersection.

■ The appellants also complain about the size of the verdict, and contend that no permanent injury was proved which would be reflected in the appellee's power to earn a livelihood. Mr. Ross was around 35 years of age at the time of the accident, and is a storekeeper gauger employed by the Federal Government. He had suffered a scalp cut, a concussion, a shoulder injury, and was unconscious when placed in the hospital immediately after the accident. A few weeks after his dismissal from the hospital he returned for the removal of nearly an inch of collar bone which resulted in some permanent disability due to restriction of motion. His employment necessitates his climbing steel girders as much as 75 feet high and the manual handling of a hydrometer while taking 300 to 700 readings a day for the Government in his work at the distillery. Mr. Ross earns approximately $4,600 a year, and has been working regularly at his old employment since his operation. Both of the physicians who attended Mr. Ross agree that the injured shoulder will never completely heal. Approximately $2,000 of the $7,033.07 verdict is attributable to special damages. We conclude the verdict is not excessive.

■ The appellants further contend that the swearing of the jury should have been

set aside when it came out of the jury room after submission of the case to it, and told the court that the question of insurance had been injected into the discussion of the case in the jury room. There was no intimation of the existence of insurance during the trial or in the arguments of counsel. The jury asked the court whether it should continue in such circumstances, and the court sent it back to the jury room to finish its job admonishing it, however, to consider only the evidence testified to during the trial. The trial judge acted correctly in not setting aside the jury in the circumstances. Under KRS 67.185 the county may insure against losses through the exercise of governmental functions.

The judgment is affirmed.