**Ernest BRUMLEY, Appellant,**

v.

**Leslie RICHARDSON et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 19, 1954.

Troy D. Savage, Lexington, for appellant.

Joseph Arnold, Lexington, for appellees.

CULLEN, Commissioner.

This is an automobile collision case. in which the appellant claims error .in the instructions to the jury. The appellee maintains that the error, if any, is not reviewable because the appellant did not comply with Civil Rule 51.

Leslie Richardson, driving a bakery truck owned by Grocer's Baking Company, Inc., was traveling south on U. S. Highway No. 25. When he reached a point where a small side road connects with the main highway from the east, forming a "T" intersection, he turned to the left upon the side road. Ernest Brumley, approaching from the south on the main highway, in a station wagon, turned to his left to avoid the truck, and then cut back to his right to avoid an automobile that had been following the truck. In so doing, Brumley lost control of his vehicle and ran off the road into a utility pole.

Brumley brought suit against Richardson and the baking company, and the jury returned a verdict for the defendants. Brumley has appealed.

Brumley maintains that the instructions were erroneous as concerns the question of which driver was required to yield the right of way. The instructions, as given, stated that Brumley was required to yield the right of way if at the time Richardson reached the intersection the Brumley car was a sufficient distance therefrom to enable Richardson to make the left turn in safety. Brumley had offered instructions (which the court refused) defining the respective duties of the two drivers, but containing no mention of right of way. Brumley now contends that the instructions should have required Richardson to yield the right of way if at the time Richardson reached the intersection the Brumley car was so near as to make a left turn hazardous.

Civil Rule 51 provides that a party may not assert error in the instructions, on appeal, "unless he objects thereto before the court instructs the jury, stating specifically the matter to which he objects and the grounds of his objections." The record before us shows that Brumley objected to the instructions, but it does not show that he stated the grounds of his objections. Therefore, we must assume he did not comply with the rule.

The purpose of the rule is to inform the trial judge of possible errors so that he may have an opportunity to correct them. Moore's Federal Practice, Second Edition, Volume 5, page 2505, sec. 51.-04. It has been suggested by some authorities that if a party *offers* an instruction covering a specific point, and the court fails to instruct on that point, it should not be necessary for the party to object to the instructions given, because he has already made his position clear. Moore's Federal Practice, Second Edition, Volume

5, page 2507, sec. 51.05; Clay, Kentucky Civil Rules—Practice and Procedure, page 458, Rule 51, Comment No. 3. If we should adopt that view, it would not avail the appellant here, because the instructions offered by him did not make clear his position on the specific question of right of way; in fact, they did not even contain the words "right of way". The appellant does not argue that his offered instructions were correct; he argues that the ones given by the court were wrong.

Because the grounds of appellant's objections to the instructions given by the court were neither stated by him at the time he objected, nor made clear in the instructions offered by him, the appellant is not in a position to assert the one error he complains of, and the judgment must be and it is affirmed.