**Otto SAMS et al., Appellants,**

v.

**SIGMON IKERD COMPANY, Appellee.**

Court of Appeals of Kentucky.

June 17, 1955.

Cleon K. Calvert, Pineville, Victor A. Jordan, Barbourville, for appellants.

Lay & Knuckles, Grant F. Knuckles, W. R. Lay, Pineville, for appellee.

CAMMACK, Judge.

The appellants, Otto and Versie Sams, brought suit against the appellee, Sigmon Ikerd Company, to recover $2,500, representing the value of a truck destroyed by a dirt fall at a strip mine operation. This appeal is from a judgment entered on the jury's verdict in favor of the appellee. The only ground upon which the appellants rely for reversal of the judgment is that the court gave erroneous instructions.

At the time of the accident, May, 1954, Otto Sams was engaged in hauling coal in a truck which belonged to his wife, Versie, from a contour strip mine operated by the appellee, to a tipple nearby. The parties had been so engaged since 1949. The appellants received a specified sum for each ton of coal delivered to the tipple from the strip mine. They furnished the truck and paid all expenses. The type of operation employed by the appellee was known as "contour stripping," the vein of coal being located on a mountain side. Before the coal could be removed it was necessary to remove the surface dirt, or overburden, from the vein. As a result of removing this overburden a gash or cut is made in the earth which creates a "high wall" on one side of the cut. In this case the "high wall" was about 30 to 40 feet high.

On the day of the accident Otto Sams was directed by the loader to park the truck near the "high wall" so it could be loaded with a power shovel. Shortly after the truck was parked the "high wall" fell in such a volume that the truck was completely enveloped and totally destroyed.

The instruction complained of defined an independent contractor and then instructed the jury that if it believed the plaintiff was an independent contractor, as defined by the court, it should find for the defendant.

Without deciding whether the instructions were erroneous, we note that the appellants, by counsel, objected to the instructions but did not assign any reasons in support of their objections. It is provided in CR 51 that, " * * * No party may assign as error the giving or the failure to give an instruction, unless he objects thereto before the court instructs the jury, stating specifically the matter to which he objects and the grounds of his objections. Opportunity shall be given to make his objections out of the hearing of the jury." In Clay, CR 51, pages 458 and 459, it is stated:

"The Rule in effect condemns the general objection to the giving or failure to give an instruction. It requires a party making an objection to state specifically (a) the matter to which he objects, and (b) the grounds of his objections. One important purpose of this requirement is to limit the use of a general objection as a device in securing a subsequent reversal, when the court may well have obviated the error if its attention was directed at the proper time to the particular matter about which the party may subsequently complain on appeal. This is in line with an underlying objective of these Rules to secure the best possible trial at the trial court level rather than in the Court of Appeals, which latter type of practice was all too prevalent under the Civil Code.

"While the present system of instructions to juries prevails, which in many respects is subject to criticism, the trial court should receive every assistance in fairly submitting the proper issues to the jury. All too often are instructions simply fertile fields in which errors are planted and the crop is harvested by reversal on appeal. It is not an undue burden to require attorneys to specify the nature of their objections to instructions since they are in the best position to comprehend the legal theories that underlie their lawsuits."

See also Palmer v. Miller, 8 Cir., 145 F.2d 926; Hansen v. St. Joseph Fuel Oil & Mfg. Co., 8 Cir., 181 F.2d 880; Dostal v. Baltimore & O. R. Co., 3 Cir., 189 F.2d 352; and

517

Brumley v. Richardson, Ky., 273 S.W.2d 54.

Fairness to the trial court and to the parties requires that objections be specific enough to bring into focus the precise nature of the alleged error. Because of the appellants' failure to specify their objections and to elaborate the grounds therefor, we will not consider the objections on this appeal.

Judgment affirmed.