**Clifford STRUETKER, Appellant,**

v.

**William J. NEISER, Appellee.**

Court of Appeals of Kentucky.

May 4, 1956.

Rehearing Denied June 22, 1956.

Joseph C. Healy, Clyde E. Vincent, Covington, for appellant.

James C. Ware, Ware & Ware, Covington, for appellee.

CAMMACK, Judge.

This action was instituted by the appellant, Clifford Struetker, to recover damages for personal injuries and property damage suffered by him when the automobile he was driving collided with a car being

## 782

driven by the appellee, William J. Neiser, defendant below. A jury trial resulted in a verdict for Neiser, and Struetker is appealing from the judgment entered thereon. He urges a reversal on the grounds that (1) the court gave erroneous instructions, and failed to give others which were justified by the evidence; and (2) the court permitted the introduction of irrelevant evidence which was prejudicial to Struetker.

■ An examination of the record reveals that the first alleged error was not saved as a ground for appeal. Under CR 51, no party may assign as error the giving or the failure to give an instruction, unless he objects thereto before the court instructs the jury, stating specifically the matter to which he objects and the grounds of his objections. The appellant did not object to the instructions given; furthermore, he offered no alternative instructions. Hence, the mandate of CR 51 precludes his raising on this appeal any alleged error concerning the instructions. See Sams v. Sigmon Ikerd Company, Ky., 280 S.W.2d 515; and Brumley v. Richardson, Ky., 273 S.W.2d 54.

■ The second ground relied upon by the appellant concerns the introduction of evidence pertaining to insurance. We have held consistently that a reference to automobile liability insurance made in order to bias the minds of the jury at the trial is improper, and, except in the absence of a clear showing of non-prejudice, will constitute a reversible error. Maddox v. Grauman, Ky., 265 S.W.2d 939, 41 A.L.R. 2d 964. See also Ideal Pure Milk Company v. Whitaker, Ky., 243 S.W.2d 479. However, we do not think the reference to insurance in this case was prejudicial. Neiser (the defendant) merely testified that three days after the accident he went to see Struetker (the plaintiff) because "the insurance agent sent me down to see how he was." Neiser added that his sister, the owner of the car he was driving at the time of the accident, had received $75 in a settlement for damages to her car. No further reference to insurance was made.

We find no deliberate attempt to prejudice the jury by the injection of the question of liability insurance. Indeed, the lone reference to insurance does not reveal which party was insured.

The judgment is affirmed.