Normel THACKER'S ADMINISTRATOR (Estill Thacker), et al., Appellants,

v.

Emory SALYERS et al., Appellees.

Court of Appeals of Kentucky.

May 18, 1956.

Francis M. Burke and F. Dale Burke, Pikeville, for appellants.

Baird & Hays, L. D. May, Pikeville, for appellees.

MONTGOMERY, Judge.

A collision involving three cars and a truck occasioned the filing of an action wherein four claimants sought damages against the two operators and the two owners of two of the vehicles. The appeal is from a judgment based on a verdict in favor of the appellees, defendants below.

The collision occurred on State Highway 80 in Pike County, a few miles west of Elkhorn City, near midnight on January 9, 1954. The highway was straight. It had been raining, but the evidence is conflicting as to whether it was still raining, misting, or foggy, and whether visibility was good. Witnesses testified that car lights could be seen for a distance of one-fourth mile.

Linton Lonzo Justice had been visiting in the home of Lee Burton Salyers. He had parked the car owned by his father, Taylor (Dock) Justice, on the shoulder and off the surface of the highway. When he started to leave, he was unable to move his car because of the soft, muddy condition of the shoulder. Lee Burton Salyers undertook to use the truck owned by his father, Emory Salyers, to assist Justice in pulling the car onto the highway surface.

The Justice car was parked off its proper right-hand side of the highway, facing toward Elkhorn City. The Salyers truck had been placed on the same side of the highway a few feet in front of and facing the Justice car. After a chain was attached to the front of each vehicle, the truck pulled the car onto the highway surface. The left front wheel of the truck remained on the shoulder, but the other wheels were on the surface. The truck was setting at an angle from the car. The proof is contradictory as to whether the rear of the truck extended past the center line of the highway and as to what Lee Burton Salyers had been doing just prior to the collision. Salyers stated that he had tried to warn oncoming traffic by using a flashlight, which was denied by appellants.

A car owned by Ida Thacker and driven by her son Normel Thacker collided with the right rear corner of the truck bed. It came from the direction of Elkhorn City. Sammie Coleman, a fellow high school student, was riding in the front seat with Thacker. The Thacker car knocked the truck "cross ways" of the highway and continued on into the ditch on its right-hand side of the road. Thacker was killed and Coleman was injured. The force of the collision caused the truck to collide with the Justice car.

Before the truck could be moved, a second car owned by Kermit Billiter, Sr., and driven by his son Kermit, Jr., collided with the side of the truck. Another son was riding with Kermit, Jr. The Billiter car approached the truck from the rear and from the same direction as had the Thacker car. Neither of the occupants was injured, apparently, but the car was damaged.

In the complaint filed, damages were sought for the death of Normel Thacker, injuries to Sammie Coleman, and injuries to the Thacker and Billiter cars. The Justices answered, denying all negligence and pleading contributory negligence on the part of all appellants. The Salyers answered, denying all negligence and pleading contributory negligence on the part of each appellant and sole negligence on the part of each driver of appellants' vehicles. Counterclaims were filed seeking damages for injuries to the Justice and Salyers vehicles, to which replies were filed. The counterclaims were abandoned after the verdict was returned.

The evidence is conflicting on many pertinent and material issues. We have already noted that the location of the Justice truck on the highway surface and the visibility are two points on which the proof is in conflict. Some of the other points on which the evidence is in conflict are mentioned. The position of Lee Burton Salyers, whether in the truck or behind the truck waving a flashlight as a warning, is disputed. There is proof for appellees that the lights from the Justice car shone on the truck and the lights of the truck were on, including one red rear light, two colored marker lights, one on each side of the truck bed, and a directional signal light. Proof for appellants contradicted this. The rates of speed at which the Thacker and Billiter cars were traveling, as well as the distance between them, are disputed in the proof. For the appellees, it was shown that the two cars struck the truck a few seconds apart, but appellants' proof showed a greater lapse of time.

At the conclusion of all the proof, the following motions were made by appellants:

(1) a motion by Ida Thacker and Normel Thacker's administrator to find as a matter of law that neither was liable for damages to the Emory Salyers truck and to direct a verdict for them on the counterclaim of Emory Salyers, which was sustained as to Ida Thacker and overruled as to the administrator on the damages to the truck but sustained as to loss of use of the truck; and (2) a motion for a directed verdict for the administrator of Normel Thacker's estate as to the damages to his car sought by Taylor (Dock) Justice by counterclaim, which was overruled. It is argued that the appellees were guilty of negligence as a matter of law and that it was the duty of the court so to instruct the jury. Appellants say that the stopping of the vehicles of appellees on the traveled portion of the highway along which the Thacker and Billiter cars were being driven constituted a violation of KRS 189.450(1), prohibiting any person from stopping a vehicle, leaving it standing, or causing it to stop or be left standing on the main traveled portion of the highway.

A review of the motions made by appellants at the close of all the evidence reveals that none of them raised the point now made. The sustaining of all their motions would not have granted them any such relief. The question could have been presented to the trial court by a motion to direct the jury to find a verdict in favor of the appellants on the liability of appellees for damages, thus leaving the amount of the damages to be determined by the jury if the motion was sustained. CR 50.01. After an adverse ruling and verdict, the question could have been presented again by a motion for judgment notwithstanding the verdict. CR 50.02. See comments, Clay, CR 50.01 and 50.02. The trial court had no duty to make such rulings in the absence of proper motions.

It is insisted that the motion to find for Ida Thacker and Normel Thacker's estate as a matter of law and to direct the jury to find a verdict for them that they were not liable for damages to Emory Salyers for the injuries to his truck is suffi-

cient in its import to raise the question of the appellees' liability. Counsel admit in their brief that the "language of the motion may be a trifle misleading." The fallacy of this argument is that the motion made by them could have been sustained on a failure of proof of damage, title, or other issue not decisive of the question of liability.

 Before submission of the case to the jury, each party offered instructions which, apparently, were rejected. The court, upon its own motion, gave ten instructions covering the duties of the parties, submitting the issues as to the negligence of the respective parties and the proximate cause of the injuries suffered, and defining the terms used. No objection to the instructions was preserved and no ground therefor was stated in the record. It is unnecessary, therefore, to pass upon the failure to give any instruction or the correctness of any instruction given. CR 51; Brumley v. Richardson, Ky., 273 S.W.2d 54; Sams v. Sigmon Ikerd Co., Ky., 280 S.W.2d 515; Struetker v. Neiser, Ky., 290 S.W.2d 781.

The jury returned the following verdict: "We the jury agree that the accident was not caused by negligence of the defendants, Salyers & Justice, therefore we find the defendant 'not guilty'."

It is argued by appellants that the jury by its verdict found that appellees were not guilty of negligence although the issue of contributory negligence was submitted. They urge that a finding by the jury of no negligence on the part of the appellees is not supported by any evidence, and again urge that it was the duty of the trial court to instruct the jury as a matter of law that appellees were guilty of negligence. They say that a verdict in this case finding the appellees not guilty of any negligence is contrary to the law and the evidence. No objection was made to the verdict or its form when it was returned.

 A failure to object to the form of a verdict is a waiver. Old 76 Distillery Co. v. Morris, 234 Ky. 389, 28 S.W.2d 474; Brink v. Kennedy, 286 Ky. 566, 151 S.W.2d 58. A verdict which is merely irregular is sufficient when the verdict shows that the jury expressed its opinion on the issues. Newport Coal Co. v. Ziegler, 255 Ky. 429, 74 S.W.2d 561. In construing a verdict, the intention of the jury is to be ascertained as shown by the language used, interpreted in the light of the record. Tente v. Jaglowicz, 241 Ky. 720, 44 S.W.2d 845; Buren v. Louisville Ry. Co., 291 Ky. 641, 165 S.W.2d 352.

It is clear from a reading of the verdict that the jury meant that the injuries complained of were not due to the fault or negligence of the appellees. It is reasonable to assume that appellants clearly understood the import of the verdict when it was returned, in the absence of any objection thereto.

Judgment affirmed.