Dudley **TILLMAN** et al., Appellants,

v.

Joseph W. **HEARD**, Appellee.

Court of Appeals of Kentucky.

May 31, 1957.

Joe S. Garman, Basil W. Griffin, Jr., Bowling Green, for appellant, Emile Monte Hewitt.

J. David Francis, Bowling Green, Arthur L. Cox, Memphis, Tenn., for appellant, Dudley Tillman.

Sam Milam, Earle M. Nichols, Russellville, for appellee.

MONTGOMERY, Judge.

Emile Monte Hewitt sued Joseph W. Heard and Dudley Tillman for damages for personal injuries suffered by her in a collision between their two cars. Heard and Tillman filed cross-claims against each other in which each sought damages for injuries sustained. The jury found that the sole cause of the collision and resulting injuries was the negligence of an unidentified person. Judgment was entered denying recovery to each of the parties named, from which Emile Monte Hewitt and Dudley Tillman have appealed.

On the night of September 19, 1954, the automobiles of appellant Tillman and appellee Heard collided on U. S. Highway 79 southwest of Russellville in Logan County. Near the place of collision, the highway is a concrete two-lane road extending east and west. It is comparatively level and straight. Tillman was traveling eastward; Heard westward. Appellant Hewitt, an itinerant hitchhiker, was asleep on the rear seat of the Heard car.

Heard and Tillman agree that an unlighted automobile was in the westbound lane of traffic near the place of collision. They disagree as to whether the lane was partially or wholly blocked and as to whether the unlighted vehicle was stopped or moving slowly westward. It was a very dark night.

The two cars approached each other and the unlighted car at a speed of 50 to 55 miles per hour. Heard and Tillman each dimmed the lights of their respective cars, although they differ as to when each did so and how far they were apart at the time. When Heard first observed the unlighted car, he was "under a 100 feet from it". He claimed that Tillman's delay in dimming his lights prevented him from seeing the car sooner. Tillman said that he saw the unlighted car when it was 300 feet away and that Heard's car was about the same distance east of it.

Heard said that he "visualized" a bank on his right hand or north side of the road and although he had slowed the speed of his car he realized that he could not stop in time to avoid striking the unlighted car. In an effort to miss the oncoming Tillman car also,

he abruptly turned his car to his left in an attempt to cross the eastbound traffic lane and get off the highway.

Tillman testified that his car was in its proper right hand or eastbound traffic lane at all times. He said that the Heard car was about 100 feet away when it turned into his lane. Tillman applied his brakes, making skid marks 66 feet long in his lane. The Heard car made no skid marks. The cars collided in the eastbound lane, with the front of the Tillman car striking the right rear of the Heard car. The evidence was conflicting as to the distance the unlighted car was from the place of collision.

The court gave nineteen instructions for the guidance of the jury. A verdict was returned under Instruction No. X–1(2) upon which the judgment denying recovery was entered.

By Instruction No. X–1(2), the jury was told to find for none of the parties "If you shall believe from the evidence that the presence of an unlighted automobile on the highway * * * was the sole cause of the collision * * * and that but for the presence of such automobile on the highway at such time and place said collision would not have occurred * * *."

It is urged that the instructions were erroneous, in that a sudden emergency instruction should not have been given, the form of that instruction was wrong, and the form of Instruction X–1(2) was also wrong. Appellant Hewitt contends also that the jury should have been directed to find a verdict for her.

■ The objections of appellant Hewitt will be considered first. The record reveals that she made no motion for a directed verdict, CR 50.01, and no objection to any of the instructions when given to the jury. CR 51. Such objections must be properly and timely made in order to be considered on appeal. A serious question which has not been raised exists as to whether appellant Hewitt has perfected an appeal or cross-appeal which is not considered at this time.

■ Appellant Tillman objected to the giving of several instructions. No objection was made to the giving of Instruction No. X–1(2) on sole cause, according to the record. It is too late to consider any alleged error in the giving of the sole cause instruction or in its form because of such failure to make timely or specific objection. CR 51. Brumley v. Richardson, Ky., 273 S.W.2d 54; Sams v. Sigmon Ikerd Co., Ky., 280 S.W.2d 515. The contention that the use of the words "but for" introduces the element of contributory negligence is without merit.

■ Tillman objected to the giving of Instruction No. X–1(1) on sudden emergency in favor of appellee because it was "inapplicable under the facts" and did not "correctly and properly state the law". He offered a sudden emergency instruction which was refused. On appeal, Tillman objects that the instruction as given did not embrace the factors of his oncoming car and the bank on appellee's right side of the road. These objections were not suggested by the general objections made to the instruction given or by the instruction offered by appellant and refused by the court. The instruction given presented to the jury the elements of the oncoming car and the blocking of the right side of the highway, although the language of the instruction was not as specific as is now suggested by appellant Tillman. Had the specific objections on appeal been made or embraced in the instruction offered at the trial, the lower court would have had an opportunity to rule on them. This is the purpose of CR 51. See Clay, CR 51, Comment 4. It is too late to make an objection on appeal which should have been presented to the trial court for a ruling.

A comparison of the instruction given with the one refused shows that the instruction given by the court on sudden emergency was more favorable to appellant Till-

man than the instruction offered by him. No merit is found in the complaint as to the sudden emergency instruction. In view of the jury's verdict under the sole cause instruction, the sudden emergency instruction as given was not prejudicial.

Judgment affirmed.