**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

**v.**

**Roy W. GRAHAM et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 18, 1966.

Rehearing Denied Feb. 10, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, Tildon H. McMasters, Elizabethtown, for appellant.

Fred Faulkner, Jr., Faulkner & Bertram, Campbellsville, for appellees.

WILLIAMS, Judge.

The appellees filed an action for damages before the Board of Claims against

the Commonwealth of Kentucky, Department of Highways. The Board of Claims dismissed appellees' claim but upon appeal the Taylor Circuit Court ruled that the board's finding of fact did not support the dismissal. Motion for appeal was sustained in this court.

The Department of Highways was transporting a bulldozer loaded on a lowboy trailer through the city of Campbellsville. The driver discovered he had taken the wrong road and attempted to turn the vehicle around and proceed in the opposite direction. At that point the highway is intersected by a side street and there is a slight curve extending in both directions from the intersection. Appellant's driver was proceeding to back his vehicle across the highway and into the side street when appellees' driver approached in a loaded milk truck over a slight hill 435 feet away. The milk truck driver testified he saw the Department of Highways vehicle when he was 300 feet from it and at that time it was blocking the entire road. He attempted to apply his brakes but found they would not function. To avoid striking the Department of Highways vehicle, the milk truck driver turned to his left into the side street and in so doing the truck overturned and was damaged.

The Board of Claims found that the driver of the Department of Highways vehicle was negligent in turning the vehicle in such a manner as to block the highway; that the milk truck driver was not guilty of contributory negligence, but "the proximate cause of the collision was not the negligence of the defendant (appellant) but rather the unforeseen and unforeseeable failure of the brakes of plaintiffs' (appellees') truck as it came over the hill, thus making it impossible for the driver of the latter truck to avoid the collision which he otherwise could have done."

It has been held in many cases, notably Hines v. Westerfield, Ky., 254 S.W.2d 728 (1953), that a superseding cause relieves the original negligent actor from liability irrespective of whether the antecedent negligence was or was not a substantial factor in bringing about an injury. The difficulty, of course, is determining what was the proximate cause when there has been an intervening act between the original act of negligence and the resulting injury. If the original negligence is remote and only furnishes the occasion of the injury, it is not the proximate cause thereof. If a force intervenes between the original negligence and the injury but does not have the force of a superseding cause, then the proximate cause is the original act. It is a function of the courts to determine whether an intervening act is the superseding cause of an injury, thus relieving the original negligent actor from liability. The answer necessarily depends upon the factual situation in each case.

Here the Department of Highways driver negligently blocked the highway at a point 435 feet from the crest of a hill. It was shown the driver of the milk truck could have avoided the accident had his brakes been functioning properly. The question then is whether the Department of Highways driver could reasonably have foreseen, or whether a reasonable man could have foreseen, that this accident would occur as the result of his act.

Had the crest of the hill been in closer proximity to the street intersection, it probably would have been foreseeable that a vehicle might unexpectedly come over it and be unable to stop before an accident occurred. But we hardly think that it was foreseeable that a vehicle would be unable to stop or otherwise avoid an accident at the point where the appellant's truck was being turned around. The distance from the intersection to the crest of the hill was more than adequate in which to stop a vehicle proceeding according to law. As a consequence, we are of the opinion that the Board of Claims correctly determined the proximate cause of the

accident was not the negligence of the Department of Highways driver, and that a superseding cause relieved the appellant from liability.

The judgment is reversed.