Gerald WILBORN, Appellant,

v.

Glen SNEED and Millard Sneed, Appellees.

William Glen SNEED and Millard Sneed, Appellants,

v.

William Mitchell KINGERY and Gerald Wilborn, Appellees.

Gerald WILBORN, Cross-Appellant,

v.

William Glen SNEED and Millard Sneed, Cross-Appellees.

Court of Appeals of Kentucky.

June 2, 1967.

Richardson, Barrickman & Dickinson, Glasgow, for appellant Wilborn.

Redford & Redford, Glasgow, for Glen and Millard Sneed.

Nunn & Travis, Glasgow, for William Mitchell Kingery.

PALMORE, Judge.

The appellee Kingery was injured when a truck owned and operated by Gerald Wilborn, in which Kingery was a passenger, struck an embankment by the side of the road and turned over. Kingery brought this suit for damages against Wilborn and against Glen Sneed and Millard Sneed, the driver and owner, respectively, of a coal truck which was obstructing the road in front of the Wilborn vehicle. Wilborn and the Sneeds asserted cross-claims against each other for contribution. Kingery settled with Wilborn before trial for $8,000, reserving his rights against the Sneeds. The trial resulted in a verdict and judgment for Kingery against the Sneeds in the amount of $22,000 and for the Sneeds against Wilborn in the amount of $11,000, each of these awards being subject to a credit of $8,000 representing the amount theretofore paid by Wilborn and received by Kingery under their settlement.

Everyone but Kingery appeals, and among the interesting and well-briefed questions is whether the trial court erred in holding Wilborn in the lawsuit and exposing him to further liability on the Sneeds' cross-claim for contribution after he had settled with Kingery. However, our opinion in the recent case of Commonwealth, Dept. of Highways v. Graham, Ky., 410 S.W.2d 619 (rehearing denied February 10, 1967), obviates discussion of all but whether the Sneeds were entitled to a directed verdict on the ground that their negligence, if it be conceded, was not a proximate cause of the accident.

In the cited case the driver of a tractor-trailer unit for the Department of Highways negligently blocked a highway at a point 435 feet from the crest of a hill. A loaded milk truck owned by the plaintiff came over the hill and its brakes failed suddenly and unexpectedly. To avoid striking the Highway Department vehicle the driver of the milk truck turned left into a side street and the milk truck turned over. In a proceeding brought by the owner of the milk truck against the Highway Department before the Board of Claims the board found that the driver of the Highway Department unit was negligent and the driver of the milk truck was not contributorily negligent, but that the proximate cause of the accident was the unexpected failure of

the brakes on the milk truck, and not the negligent act of the Highway Department's driver in obstructing the highway. A judgment of the circuit court reversing the board's dismissal of the claim on that ground was reversed by this court. The substantive import of our decision was that as a matter of law the brake failure was the proximate cause and the negligence of the Highway Department's driver was not a proximate cause. Commonwealth, Dept. of Highways v. Graham, Ky., 410 S.W.2d 619 (1967).

The factual differences between this and the Highway Department case are superficial. Here the defendant Glen Sneed backed a 2-ton truck loaded with seven tons of coal out of a private driveway onto a blacktop road 18 feet in width, at a point 440 feet from the crest of a hill. Before he could turn the truck and get it in his intended lane of travel, and while it was in a position blocking both traffic lanes, Wilborn came over the crest of the hill 440 feet away at a speed of 25 to 30 m. p. h. Wilborn was driving a pickup truck loaded with a 300-gallon tank of whey. We continue with Wilborn's testimony:

A—"Well, when I came over the hill, I seen this truck in the road, and I pushed on the brake, and the pedal went to the floor and hung, so I seen I was going to hit the truck, and I cut the truck across the road a little bit and throwed it up in second and I seen it wasn't going to stop, so I cut towards the bank, aimed to kindly ease—get in towards the bank a little, and it hit head-on and turned over."

\* \* \* \* \* \*

Q—"Now, did you ever attempt to grab your emergency brake?"

A—"No."

Q—"Never did?"

A—"No."

Q—"Did you have an emergency brake?"

A—"I don't think I had any emergency brake."

Kingery, Wilborn's passenger, had just completed some work on the Wilborn vehicle which had required removing and replacing one of the front wheels. It had been driven about 4½ miles without incident since completion of the job. The failure of its brakes was sudden, complete and unexpected. The jury's verdict was to the effect that the accident resulted from the concurring negligence of Wilborn and Glen Sneed.

The grade of the hill from the crest to the point of obstruction progressed from 5% to 8%. The accident happened in the daytime on July 24, 1963, and although it had rained some two hours earlier there was no substantial evidence that the road surface was not dry. In a pre-trial deposition Wilborn said he could have stopped if his brakes had held. At the trial he equivocated, saying, "Well, since I have seen the distance, I can't tell for sure." A state trooper testified that on a level blacktop surface a vehicle traveling at 25 m. p. h. should be able to stop within 50 feet, subject, of course, to its size and weight, the size and condition of its tires, and other variable factors bearing on the coefficient of friction.

It is negligent per se to turn a vehicle around on a highway near the crest of a grade "unless it can be seen from a distance of five hundred feet by the driver of any other vehicle approaching from either direction." KRS 189.400. There was evidence in this case that the Sneed truck was 11 feet high, and upon that hypothesis an engineer testifying for Kingery calculated under cross-examination that the driver of an approaching vehicle, from an eye level 4½ feet above the road surface, could have seen the Sneed truck at a distance of 584 feet. But even if that distance had been 499 feet, or 440 feet, it seems indisputable, as in Commonwealth, Dept. of Highways v. Graham, Ky., 410 S.W.2d 619, 620 (1967), that the driver of the oncoming truck "could have avoided the accident had his brakes been functioning

properly." The statute, KRS 189.400, contemplates normal conditions, and when a collision results from a supervening, abnormal circumstance, violation of the statute is not a proximate cause. Cf. Swope v. Fallen, Ky., 413 S.W.2d 82, 85 (1967).

Wilborn having settled and the Sneeds being nonliable as a matter of law, no cause of action is left.

The judgment is reversed with directions that all claims be dismissed.

All concur.