Ina Slone **FINCH** et al., Appellants,

v.

John C. **CONLEY**, Appellee.

Court of Appeals of Kentucky.

Dec. 8, 1967.

Earl R. Cooper, Salyersville, for appellants.

Cordell H. Martin, Hindman, for appellee.

DAVIS, Commissioner.

John C. Conley obtained a verdict for $10,000 for alleged personal injuries sustained by him in an automobile accident. On this appeal two points are urged for reversal: (1) that the verdict is palpably excessive, and (2) the injection of liability insurance into the evidence was prejudicial.

We deem it unnecessary to decide the first question presented, as we have concluded that there is merit in the second one. The appellee had been examined by Dr. Thomas Rothrock Miller at the instance of the liability insurance carrier of the appellants. There was substantial question raised as to the extent of appellee's injuries. Dr. Miller gave evidence adverse to appellee's claim of injury. The following colloquy occurred during the cross-examination of the appellee:

"Q. I notice that Mr. Martin said in making his statement that you couldn't turn your head to your right or to your left?

A. I can't.

Q. I notice that you turned your head and looked at the jury and you turned your head and looked this way. Of course you can't turn it completely around, and neither can I. I can turn it this far (indicating) and this far, but you can do that?

A. I can't do it very far.

Q. But you have been doing that while you have been sitting there, haven't you?

A. That is all. Dr. Miller didn't know what he was talking about when he said there was nothing wrong with me. I know what is wrong with me, he don't. I know when I have pain and Dr. Miller don't. I know who sent me down there and I told him. I said: 'Who sent me down here?' I seen a letter with a name signed to it, and he said: 'Yes, he is a mighty good friend to me.'

Q. You mean Dr. Miller said I was a good friend?

[A.] He said the fellow that sent me there, the insurance man. The name was on it."

Appellants promptly moved the court to set aside the swearing of the jury and

continue the case, but the motion was denied.

It is noteworthy that during his direct testimony the appellee made some reference to insurance as is revealed in the following excerpt from the record:

"Q. What kind of a truck were you driving?

A. I was driving a three quarter pickup Chevrolet, 60.

Q. What parts of your truck were damaged, if any?

A. One of the doors wouldn't latch after it happened and I had to take it and have it fixed and I went and talked to the insurance agent over here about it."

The appellants had moved the court to set aside the swearing of the jury and continue the case when appellee gave the evidence just mentioned, but that motion was overruled also.

Our cases have consistently held that it is reversible error to make reference to liability insurance in order to bias the minds of the jury. Maddox v. Grauman, Ky., 265 S.W.2d 939, 41 A.L.R.2d 964; 18 Ky.Digest, Trial, ☞127. In some cases we have held that reference to insurance was not prejudicial and not ground for reversal. Struetker v. Neiser, Ky., 290 S.W.2d 781; Juett v. Calhoun, Ky., 405 S.W.2d 946; Roland v. Beckham, Ky., 408 S.W.2d 628. It was observed in Struetker v. Neiser, supra, that a reference to automobile liability insurance " * * * except in the absence of a clear showing of non-prejudice, will constitute a reversible error." Id. 290 S.W.2d 782.

In light of the amount of the verdict and the serious dispute concerning the extent of the injuries, it would be speculative to say that the insurance factor failed to prejudice the rights of the appellants. It would require naivete to hold that the reference was inadvertent or failed to identify the insurance with the appellants.

Since there may be another trial of this action, we reserve without decision the question of whether the verdict was excessive.

The judgment is reversed for proceedings consistent with the opinion.

WILLIAMS, C. J., and HILL, MILLIKEN, MONTGOMERY, PALMORE, and STEINFELD, JJ., concur.