**Jimmy R. FRITH, Robert L. Miracle, R.L. Distributing Co., Inc., and Ranger Insurance Company, Appellants,**

v.

**Leeunice LAMBDIN, Earl Lambdin, and Shelter Insurance Companies, Appellees.**

Court of Appeals of Kentucky.

Feb. 7, 1986.

Maxie E. Higgason, Corbin, for appellants.

J. Warren Keller, F. Preston Farmer, London, for Earl Lambdin & Shelter Ins. Companies.

J.B. Johnson, Jr., Teague, Cox, Davis & Johnson, Williamsburg, for Leeunice Lambdin.

Before COMBS, HOWERTON and WHITE, JJ.

HOWERTON, Judge.

The appellants appeal from a verdict and judgment in the Bell Circuit Court finding them jointly and severally liable to Leeunice Lambdin for 70 percent of her injuries and medical expenses and also finding them liable to Earl Lambdin for 70 percent of the damages to his vehicle. They present three allegations of error, which we will discuss in the order presented. We find that none of them constitute reversible error and we affirm the judgment.

The case arose out of a vehicle collision which occurred on September 21, 1982, on Kentucky Highway 92 in Bell County. One of the vehicles was owned and operated by Earl Lambdin. His wife, Leeunice, was a passenger at the time of the collision. The other vehicle was operated by Jimmy Frith but owned by Miracle Distributing Company. The facts concerning the collision and

its causes were disputed, but the question of negligence was submitted to the jury, which determined that Frith was 70 percent at fault and that Lambdin was 30 percent at fault. The jury awarded Leeunice $50,000 for suffering, and $3,244.58 for medical expenses. By a subsequent order, the court awarded Earl Lambdin $2,207.04, representing 70 percent of the stipulated damages to his pickup truck.

The appellants first argue that the court erred by not directing a verdict for them. They argue that the Lambdins failed to prove negligence on their part or that any negligence was the cause of the injuries. They also argue that Earl Lambdin admitted negligence when he testified that if the road had been dry or if he had been going slower, he would have been able to avoid the accident. They claim that his admission at least constituted a superseding, intervening cause to any negligence on Frith's part. We disagree.

■ There was sufficient evidence to indicate that either or both drivers were negligent. As for the appellants, there was proof that their vehicle pulled onto the highway and was across both lanes of traffic. We agree with the trial court that the facts presented a question for the jury. Also, Earl Lambdin's actions did not constitute a superseding, intervening cause. In *Williams v. Chilton*, Ky., 427 S.W.2d 586 (1968), we read, at 590:

> We discussed proximate causes and supervening circumstances in Comm., *Dept. of Highways v. Graham*, Ky., 410 S.W.2d 619 (1966); *Swope v. Fallen*, Ky., 413 S.W.2d 82 (1967), and *Wilborn v. Sneed*, Ky., 415 S.W.2d 858 (1967). In those cases there were "abnormal circumstances" such as brake failure but in the case now before us such abnormal circumstances did not exist. Snow and icy roads in the winter time are rather commonplace and the road conditions which existed in and around the scene of the accident were well known to the parties.

In this case, there were no abnormal circumstances. The road was wet, but rain is a natural condition, and there was no brake failure or any abnormal circumstance. The trial court was correct in denying the motion for a directed verdict.

■ The next allegation of error pertains to a comment made by the foreman of the jury when announcing the verdict. She stated, among other things, that "we feel that Mr. Frith's insurance company ought to pay 70 percent of her medical bills...." The appellants cite *Finch v. Conley*, Ky., 422 S.W.2d 128 (1967), for the proposition that a reference to liability insurance in the course of a trial is improper and constitutes reversible error. We find *Finch* to be distinguishable from the facts in this case, and a more applicable decision was rendered in *Jefferson County Fiscal Court v. Ross*, Ky., 273 S.W.2d 554 (1954). In *Ross*, as in this case, there was no mention of insurance during the course of the trial. In *Ross*, it came to the court's attention that the issue of insurance had been injected into the jury discussion of the case, and the court admonished the jury to consider only the evidence given during the trial. Although the court did not give an admonition in this case, we note that in *Leger v. Watkins*, Ky., 449 S.W.2d 423 (1970), the court held that the fact that jurors discussed insurance during their deliberations does not warrant a reversal. We conclude that the trial court correctly denied the appellants' motion for a new trial.

The final argument is that the court erred in submitting the question of Leeunice's medical expenses to the jury. They argue that KRS 304.39–060 abolishes tort liability and provides for basic reparations up to $10,000. Since her medical expenses did not exceed that amount, there was no reason to believe that Leeunice would be eligible for any additional compensation. We find no reversible error for two reasons.

■ First of all, the appellants waived their right to claim this error because they

failed to object to the admission of the evidence at trial and they failed to object to the interrogatory concerning medical expense which was submitted to the jury. CR 51, and *Volvo of America Corp. v. Wells,* Ky.App., 551 S.W.2d 826 (1977). Furthermore, the evidence of medical expenses was relevant to prove that Leeunice's expenses had exceeded the $1,000 threshold requirement of KRS 304.39–060(2)(b). The evidence of medical expenses was also appropriate to allow recovery by the intervening basic reparations benefits obligor upon its cross-claim.

For the foregoing reasons, the judgment of the Bell Circuit Court is affirmed.

All concur.