IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 14, 2005 Session

# FRANKIE ANN ROLEN, Individually and as Administratrix of the Estate of JEWELL V. INGRAM AND PATSY LOU YOUNG, Individually and as Administratrix of the Estate of JEWELL V. INGRAM, v. WOOD PRESBYTERIAN HOME, INC.

Direct Appeal from the Circuit Court for Monroe County
No. V99290P      Hon. Lawrence Puckett, Circuit Judge

No. E2004-00952-COA-R3-CV  - FILED MAY 9, 2005

This action involves claims brought regarding the decedent Jewell Ingram against Wood Presbyterian Home, Inc., alleging that Ingram was injured while in defendant's care, and also that her treatment by defendant ultimately contributed to her death. Plaintiff proposed a jury form which asks that the jury determine whether defendant was guilty of negligence which caused Ingram's death, but also asked the jury to find whether defendant was guilty of negligence which caused injury to Ingram. The jury form submitted by the Trial Judge, however, asked whether defendant was at fault for the death of Ingram, and directed that if the answer to that question was no, the jury should return a verdict for defendant. The jury answered the question in the negative, and announced a defendant's verdict. Plaintiff has appealed. We affirm the Trial Court's Judgment for defendant as to the wrongful death claim, but remand for a new trial on the issue of damages for injuries sustained prior to decedent's death.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part, and Remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Loren E. Plemmons, Lenoir City, Tennessee, and Donald Capparella, Nashville, Tennessee, for appellants.

Linda J. Hamilton Mowles, Knoxville, Tennessee,   for appellee.

**OPINION**

In this action, these issues are raised on appeal:

1.      Did plaintiffs waive any disagreement with the jury verdict form by failing to timely object?

2.      Did the Trial Court err in failing to submit plaintiffs' personal injury claim to the jury?

Defendant argues that plaintiffs waived any objections to the verdict form by failing to object on the record before the form was submitted to the jury. Plaintiffs respond that they did object, but no court reporter was present to record the objection. Plaintiffs did, however, raise the issue in their Motion for New Trial. This Court has previously stated:

> Counsel should object promptly to a proposed verdict form. If possible, they should object to the form before its submission to the jury. However, if unaware of the form's substance, they should object before the jury returns its verdict. *Savina v. Wisconsin Gas Co.*, 36 Wis.2d 694, 154 N.W.2d 237, 240 (1967). Failure to make a timely objection to a verdict form constitutes a waiver of the objection. *Frith v. Lambdin*, 703 S.W.2d 890, 893 (Ky. Ct. App.1986); *Estate of Hartz v. Nelson*, 437 N.W.2d 749, 752 (Minn. Ct. App.1989); *Reed v. Sale Memorial Hosp. & Clinic*, 741 S.W.2d 819, 824 (Mo. Ct. App.1987); *Goggins v. Harwood*, 704 P.2d 1282, 1289 (Wyo. 1985).

*Keith v. Murfreesboro Livestock Market*, 780 S.W.2d 751, 759 (Tenn. Ct. App.1989).

Plaintiffs claim they objected to the removal of the personal injury claims from the verdict form before the form was given to the jury, and this is demonstrated by the discussion between plaintiffs' counsel and the Trial Court in the transcript of the motion for new trial hearing. Moreover, plaintiffs raised this issue in their Motion for New Trial, and we have previously found that is sufficient to preserve the issue for an appeal. In *Patterson ex rel. Patterson v. Dunn*, 1999 WL 398083, (Tenn. Ct. App. June 16, 1999), the Court stated:

> Finally, the Teague Defendants argue that it was error for the trial court to allow the jury to consider the fault of Williams and Haywood County. The Teague Defendants note that the liability of Williams and Haywood County would be governed by the Tennessee Governmental Tort Liability Act, under which the trial court is required to make a determination of their fault. The Plaintiff responds that the objection is waived because there was no objection at trial until the Teague Defendants' motion for new trial. The Plaintiff also notes that the Teague Defendants' own proposed jury verdict form listed Williams.

During the trial, when the trial court stated that it was including Williams on the jury verdict form, the Teague Defendants did not object. Indeed, counsel for the Teague Defendants requested that a charge in the jury instructions be applied to Williams: "We would like, likewise, following too closely and reckless driving on Billy Williams as well." Moreover, the Teague Defendants' proposed special jury verdict form lists Williams as one of the parties to whom the jury is to allocate fault. The first objection made by the Teague Defendants to the inclusion of Williams and Haywood County on the jury form was in their motion for a new trial filed after the jury verdict was entered. However, the Tennessee Rules of Civil Procedure provide that an objection to jury instructions is not waived where there is a failure to make objection until a motion for new trial. See Tenn.R.Civ.P. 51.02.

For the foregoing reasons, we conclude this issue was not waived by plaintiffs.

Next, defendant argues that the Court properly removed the personal injury claims from the jury verdict form because the evidence and arguments presented to the jury related only to the wrongful death claim. To support this, defendant cites the record from the Motion for New Trial hearing, wherein the Trial Court stated, "if I had felt that the law and the evidence required me to submit the personal injury due to the bruising to the jury as a separate matter and cause under the verdict form, I would have done so." A review of the transcript, however, demonstrates that the Trial Court's decision was based on the Court's interpretation of the law as to whether the personal injury claims were subsumed into the wrongful death action.[1]

The issue thus becomes whether the plaintiff could maintain a claim for personal injury due to negligence/malpractice and a separate claim for wrongful death based essentially upon the same injuries?

Plaintiff's proposed verdict form asked the jury to find whether defendant was guilty of negligence which was the cause of Ingram's death, and if so, to assess damages. The form then asked the jury to find whether defendant was guilty of negligence which was the cause of injury to plaintiff, and if so, to assess damages for pain/suffering, impairment, loss of capacity for enjoyment of life, and medical care/services. The jury verdict form which the Trial Court submitted to the jury, however, only asked if the jury found defendant at fault for the death of Ingram, and instructed that if they answered that question in the negative, to return a verdict for the defendant, which the jury did.

Plaintiffs insist it was error for the Trial Court to withdraw the issue from the jury to award damages for injuries caused to Ingram by defendant's negligence, even if the negligence did

---

[1] For example, the Judge noted that he had not been able to locate any precedent where the personal injury action had been preserved procedurally, which he conceded was done in this case by plaintiffs, and he also conceded that the plaintiffs had presented evidence to the jury from which the jury could find injuries caused by defendants' negligence.

not ultimately cause her death.

Tenn. R. Civ. P. 8 is the general rule regarding pleadings, and states that a party may set forth two or more alternative claims, regardless of consistency. Tenn. Code Ann. §20-5-102 deals with survival of actions, and states, in pertinent part: "No civil action commenced, whether founded on wrongs or contracts, . . . shall abate by the death of either party, but may be revived". Tenn. Code Ann. §20-5-106 is the wrongful death statute, and states:"The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse and, in case there is no surviving spouse, to the person's children or next of kin". Tenn. Code Ann. §20-5-113 states that in wrongful death actions, the plaintiff can seek damages for "mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use and benefit the right of action survives from the death consequent upon the injuries received."

The parties and the Trial Court concluded there was no Tennessee precedent controlling this case.[2] There are decisions from other jurisdictions with similar statute and procedural rules which are instructive. *See, King v. Cooper Green Hospital*, 591 So.2d 464 (Ala. 1991); *Cahoon v. Cummings*, 734 N.E.2d 535 (Ind. 2000) (holding that both personal injury and unlawful death claims could be submitted to the jury).

As stated, Tenn. R. Civ. P. 8, allows a plaintiff to plead alternative theories of recovery. Tennessee employs an election of remedies doctrine, whose sole purpose is to "prevent double redress for a single wrong." *Concrete Spaces, Inc. v. Sender*, 2 S.W.3d 901 (Tenn. 1999). Thus, applying the reasoning utilized by the above cited cases, we conclude the Trial Court erred in not allowing both of plaintiffs' claims to go to the jury, with the understanding that plaintiffs would not have double recovery for the same damages. To rule otherwise would give no force and effect to the plain language of Tenn. R. Civ. P. 8, as well as Tenn. Code Ann. §20-5-102.

The damages for the decedent's pain and suffering may be awarded in a wrongful death action. *See Thrailkill v. Patterson*, 879 S.W.2d 836 (Tenn. 1994); Tenn. Code Ann. §20-5-113. Thus, plaintiffs would not be able to recover this type of damages under their wrongful death claim and also under their personal injury claim. This would not require that plaintiffs' personal injury claims be dismissed, however, as the jury could find the defendants injured the decedent but did not ultimately cause her death. But the way this case proceeded, the jury was not given that option, and the Trial Court effectively directed a verdict on plaintiffs' personal injury claims by refusing to allow the jury to consider an award of damages for anything other than the wrongful death claim. If it developed that plaintiffs were required to elect between the two claims, it would

---

[2] There is, however, case law which suggests that a survival claim and a wrongful death claim could be brought in the same action, if the survival action was properly revived. *Gipson v. Memphis Street Railway Co.*, 364 S.W.2d 110 (Tenn. Ct. App. 1962).

not have been required until the damages were awarded. *See Concrete Spaces*. Moreover, the only reason plaintiffs would have to elect, would be if the jury awarded damages for the injuries and associated pain and suffering under both claims.

There is material evidence in the record from which the jury could have found that Wood Presbyterian Home was liable for negligence which caused injuries to the deceased, and that she endured pain and suffering from those injuries. But there is also material evidence that those injuries did not ultimately cause her death. Accordingly, we affirm the Judgment for defendants on the wrongful death claim, but remand to the Trial Court for a new trial on plaintiffs' claim for damages for injuries and associated pain and suffering which occurred prior to her death.

The cause is remanded for further proceedings consistent with this Opinion, and the costs of the cause are assessed one half to plaintiffs and one-half to defendant.

_____
HERSCHEL PICKENS FRANKS, P.J.