RENDERED:  JANUARY 20, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0892-MR

JAMES HIGHTOWER                                                                  APPELLANT

v.                      APPEAL FROM FRANKLIN CIRCUIT COURT
                        HONORABLE THOMAS D. WINGATE, JUDGE
                        ACTION NO. 21-CI-00049

DONNA REED, CLASSIFICATION
BRANCH MANAGER; AND ADAM
NOEL, ASSISTANT UNIT
ADMINISTRATOR                                                                    APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND COMBS, JUDGES.

CALDWELL, JUDGE:  James Hightower appeals from the Franklin Circuit

Court's order dismissing his complaint for failing to state a claim and being

untimely.  We affirm.

**FACTS**

James Hightower (hereinafter "Hightower") is serving a life sentence after being convicted of several felony offenses, including being a persistent felony offender in the first degree. In July of 2014, he was serving his sentence at the Kentucky State Penitentiary (hereinafter "KSP") in Eddyville and had been placed in protective custody due to prior difficulties with other inmates. At that time, the Kentucky Department of Corrections (hereinafter "DOC") undertook to evaluate the placement of inmates in protective custody. Hightower was visited by several DOC Classifications employees, among them Donna Reed (hereinafter "Reed"). Hightower contends that Reed and others failed to give him notice of his right to appeal a decision by this classification committee prior to his transfer. Hightower was ultimately transferred to Eastern Kentucky Correctional Complex (hereinafter "EKCC").

Shortly after he was transferred to EKCC, he was seriously assaulted by a fellow inmate. He was airlifted to University of Kentucky Medical Center where his treatment included a tracheostomy. He was discharged from the hospital and thereafter was housed at several correctional facilities.

In 2020, while housed at KSP yet again, he began having difficulty eating, with food becoming lodged in his throat. The medical staff at the institution sent him to a local medical facility for evaluation and it was determined

that scar tissue from the tracheostomy had formed and was preventing him from swallowing effectively. He underwent a procedure to alleviate the condition in late 2020.

In 2021, Hightower filed a complaint against Reed and other DOC Classification personnel in Franklin Circuit Court. The complaint alleged that proper procedures had not been followed when he was transferred from KSP to EKCC in 2014. Hightower argued that since he was not properly notified of his transfer, he was unable to appeal it and because of that inability, he was transferred where he was ultimately assaulted. This assault led to the tracheostomy which led to the formation of scar tissue in 2020. In other words, Hightower alleges that because proper procedures were not followed in 2014, the named Appellees are liable for the medical event he suffered in 2020.

The trial court found that Hightower had failed to state a claim upon which relief could be granted. Further, the court found that the complaint was untimely. We affirm both holdings.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim should only be granted if it appears that the party forwarding the claim could not prevail under any set of facts.

> The court should not grant the motion unless it appears
> the pleading party would not be entitled to relief under

-3-

any set of facts which could be proved in support of his claim. In making this decision, the circuit court is not required to make any factual determination; rather, the question is purely a matter of law.

*James v. Wilson*, 95 S.W.3d 875, 883-84 (Ky. App. 2002) (internal quotation marks and footnote omitted).

As our review is purely a matter of law, the standard of review is *de novo*. "Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010).

## ANALYSIS

Hightower alleged his due process rights were violated by the failure to follow Corrections Policy & Procedure (hereinafter "CPP") 18.1(F)(2), which requires notification of a classification committee's decision to an inmate. After receiving the notification, an inmate then has five (5) working days in which to appeal the classification decision pursuant to CPP 18.1(M)(1). Hightower stated to the trial court that he did not receive notification of the classification decision, thus depriving him of the right to appeal the decision.

The circuit court held that an inmate has no due process rights in the CPP:

A due process violation requires a showing of deprivation of a Plaintiff's liberty caused by government action. *Williams v. Bass*, 63 F.3d 438, 485 (6th Cir. 1995). The violated liberty must arise from the U.S. Constitution or state law. *Beard v. Lindsay*, 798 F.2d 874, 875 (1976) (*citing Hewitt v. Helms*, 459 U.S. 460, 466 (1983)). The due process right the Petitioner asserts come [sic] not from the U.S. Constitution nor state law, but rather from the prison procedural regulations. Prison regulations do not grant due process rights to inmates. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1976) [sic], 115 S. Ct. 2293, 2299, 132 L. Ed. 2d 418 (1995). Therefore, Plaintiff was not deprived of any due process rights by Defendants alleged violation of C.P.P. 18.1.

We agree. Because Hightower was alleging a deprivation of due process as the basis of his claim, the fact that he had no due process rights in the prison procedural regulations requires the conclusion that he failed to state a claim upon which relief could be granted.[1]

---

[1] *See White v. Boards-Bey*, 426 S.W.3d 569, 575 (Ky. 2014):

> Prison regulations, even those which include mandatory language such as "shall," do not automatically confer on the prisoner an added procedural due process protection. This Court refuses to render a prison official's failure to comply with the DOC's own regulations as a *per se* denial of procedural due process. To do so would be to expand the protections outlined in *Wolff* [*v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)] to include the extensive procedural requirements set forth in the CPP and other countless prison regulations and policies, a deviation from which would render that divergence a violation of a prisoner's due process rights.

.

The circuit court went on to hold that it appeared Hightower was alleging negligence on behalf of the named Appellees, arguing that it was their failure to ensure he was notified of their decision regarding his placement which led to his failure to appeal, which in turn led to his transfer to the prison where he was assaulted. The court held that this was too attenuated to form a basis for holding the Appellees responsible. We point out that Hightower was not even alleging that the Appellees were responsible for the injuries he received from the assault, but rather for the formation of scar tissue which occurred years later. *See generally Commonwealth, Dept. of Highways v. Graham*, 410 S.W.2d 619, 620 (Ky. 1966) (where original act complained of "only furnishes the occasion of the injury, it is not the proximate cause thereof.")

It was the assault itself, not the formation of scar tissue years later, that was the genesis of the injury. Thus, the trial court correctly held that the claim, even had it been viable, was out of time as Hightower had only one year from the assault in which to file the claim, pursuant to KRS 413.140(1)(a).[2] We affirm this holding as well.

---

[2] "(1) The following actions shall be commenced within one (1) year after the cause of action accrued:

(a) An action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice, or servant[.]"

**CONCLUSION**

We affirm the Franklin Circuit Court's order dismissing Hightower's claim against the Appellees.

ALL CONCUR.

BRIEFS FOR APPELLANT:

James Hightower, *pro se*
Central City, Kentucky

BRIEF FOR APPELLEE:

Kristin Wehking
Frankfort, Kentucky