Thomas M. SWOPE, Appellant,

v.

Elwood FALLEN, Jr., Appellee.

Court of Appeals of Kentucky.

March 24, 1967.

John Y. Brown, Brown, Sledd & McCann, Lexington, J. Smith Hays, Jr., Hays & Hays, M. C. Redwine, Jr., Winchester, for appellant.

J. Marshall McCann, Jr., and Beverly P. White, White, McCann & Stewart, Winchester, for appellee.

CULLEN, Commissioner.

Appellant Thomas M. Swope's automobile, while stopped on the highway at a

point where construction work was going on, was struck from the rear by the automobile of the appellee Elwood Fallen, Jr., whose brakes had failed. In Swope's suit for damages the jury found for Fallen under a "sudden emergency" instruction, and judgment was entered dismissing the claim. Swope has appealed.

The accident occurred in August 1964. Fallen's car was a 1960 model. A mechanic who examined the car after the accident found a hole in the brake line running to the left rear wheel. He testified that the line was "out of its normal position;" a shock absorber had rubbed against the side of it and had "wore it real thin;" and when the brakes were applied at the time of the accident the thin spot broke through. He further testified that "in the normal maintenance of a car you wouldn't examine that brake line." This mechanic had fixed a leaking wheel brake cylinder on the Fallen car two or three months before the accident.

■ The "sudden emergency" instruction under which the jury found for Fallen was predicated upon Fallen's being "suddenly and unexpectedly confronted by brake failure." Another instruction, on causation, referred to the brakes' giving way "suddenly and without previous warning." The plaintiff objected to the instructions on the ground that they did not "include the requirement that the defendant not know or could not by the exercise of ordinary care know that the brakes would not work." We think this objection sufficiently raised the point of the necessity of instructing on the defendant's duty to have exercised ordinary care in regard to inspecting and maintaining in good order the brakes on his car.

The applicable statute, KRS 189.090(3) (e), says: "All brakes shall be maintained in good working order * * *." In Veal v. Davis, Ky., 343 S.W.2d 593, this Court recognized the proper rule as being that one of the conditions of exoneration from liability on account of a sudden failure of brakes is that the owner "has exercised ordinary care in checking and maintaining

the braking system." The Court approved an instruction containing the condition "and could not, by the exercise of ordinary care, have known that said brakes would not work at the time and place of the accident." Most jurisdictions impose a duty on the owner of a motor vehicle to exercise ordinary care to see that the brakes are in a proper and safe condition. See 8 Am. Jur., 2d, Automobile and Highway Traffic, sec. 700, p. 250.

In Gaidry Motors v. Brannon, Ky., 268 S.W.2d 627, in holding that a dealer in used cars has the duty of reasonable inspection for brake defects and other mechanical defects, we observed that an automobile in a defective mechanical condition may become a dangerous instrumentality. The great danger potential from defective brakes is obvious.

■ We reconfirm the rule that the owner of a motor vehicle has the duty to exercise ordinary care to see that the brakes are maintained in safe condition. This being the rule, the trial court in a brake-failure case should so instruct the jury, unless, as was the situation in Veal v. Davis, Ky., 343 S.W.2d 593, the evidence shows conclusively that the motorist had exercised ordinary care (or unless the evidence of lack of care is so conclusive as to entitle the plaintiff to a directed verdict).

■ It is our opinion, at least with respect to an automobile several years old, that from the mere fact of a brake failure an inference may be drawn that the owner had not exercised ordinary care with regard to maintenance. See 8 Am.Jur., 2d, Automobiles and Highway Traffic, sec. 500, p. 251. In the instant case the inference was strengthened by the evidence that the brake line was out of normal position, touching a shock absorber, which fact presumably could have been discovered by a reasonable inspection. Opposing the inference there was the evidence that work had been done on a wheel cylinder a few months before the accident, and the mechanic's statement that in the "normal maintenance" of a car "you

wouldn't examine that brake line". However, this statement had the import only that in routine servicing of a car brake lines are not examined. Certainly, the defendant's evidence was not so strong as to overcome the inference completely and entitle the *defendant* to a directed verdict. At the same time, we do not feel that the inference was itself so strong as to entitle the *plaintiff* to a directed verdict. See Bell & Koch, Inc. v. Stanley, Ky., 375 S.W.2d 696.

■ It is our conclusion that the trial court committed prejudicial error in not submitting to the jury, under a proper instruction, the issue of whether the defendant had exercised ordinary care in regard to inspection and maintenance of the brakes on his car in safe condition.

The appellant presents other arguments with respect to the instructions, which will require only brief comment.

The evidence of the appellee was that he saw the appellant's stopped car when he rounded a curve 600 feet away; he applied his brakes and they momentarily took hold but when he reached a point 250 feet from the appellant's car the brakes "went out;" he did not think about using the emergency brake; he disengaged the clutch and shifted into second gear but did not manage to reengage the clutch before the collision; he was "scared." There was conflicting evidence as to whether the shoulder to the right of the appellant's car was sufficiently clear of obstructions to have given the appellee a reasonable chance of avoiding a collision by turning onto the shoulder.

■ Under the evidence there was no occasion to instruct on the appellee's duty of lookout because admittedly he saw the appellant's car in ample time to have stopped if his brakes had held. There was no basis for an instruction on the duty of the appellee not to knowingly operate his car with defective brakes, because there was no evidence that he did know the brakes were defective. So the court did not err in refusing to give those requested instructions.

■ Any contributory negligence of the appellant in leaving his car standing longer than necessary where he was stopped was not a proximate cause of the accident, since the appellee with effective brakes would have had no difficulty in coming to an uneventful stop. Therefore the court should not have instructed on contributory negligence.

■ The evidence does not warrant the conclusion that as a matter of law the appellee created the emergency condition in which he found himself because he was driving at an excessive rate of speed, failed to have his car under control, and failed to keep a proper lookout. While there was evidence of excessive speed there was evidence to the contrary. There was no evidence of any failure of lookout or control that as a matter of law could be held to have been a contributing cause of the accident. The instructions on sudden emergency required that the appellee have been exercising ordinary care in the operation of his automobile and observing his duties as to speed, control, etc. We think this was sufficient to inform the jury that the appellee could not be exonerated by a self-created emergency.

■ The appellant contends that as a matter of law the appellee failed to exercise ordinary care after the emergency developed, in that he failed to use his emergency brake, did not reengage the clutch after shifting into second gear, and did not turn onto the shoulder. We think the question of what a reasonably prudent man would have done in the circumstances is one on which reasonable minds could differ. We are not so naïve as to believe that the ordinarily prudent motorist is capable of utilizing to full advantage all of the means and devices available to him in an emergency situation.

Upon another trial it should be sufficient to submit to the jury only the issue of care

as to maintenance of the brakes in safe condition, and the issue of sudden emergency (the latter issue embracing care both before and during the emergency).

The judgment is reversed for further proceedings in conformity with this opinion.

All concur.