**Woodrow HOWARD, Appellant,**

**v.**

**Taylor FIELDS et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 1, 1968.

M. B. Fields, Hazard, for appellant.

Reeves, Barret, Cooper & Ward, Hoover Haynes, Craft & Haynes, Hazard, for appellee.

DAVIS, Commissioner.

In this motor vehicle collision case the trial court directed a verdict against Woodrow Howard, plaintiff-appellant. Howard has appealed, insisting that the court erred in directing the verdict against him and in permitting an intervening complaint by United States Fidelity & Guaranty Company for subrogation.

On a day in May, Howard was driving a beer truck on Kentucky Highway 80 in Perry County when he observed a coal truck driven by appellee Fields stopped on the highway at the entrance to a narrow, two-lane bridge. When Howard first observed that Fields was stopping the coal truck, Howard was about three-hundred feet to the rear of Fields' truck. Howard undertook to slow down or stop the beer truck only to discover a complete failure of his brakes. He attempted to negotiate the uncontrolled vehicle so as to avoid striking the Fields' truck but was unsuccessful. The Howard truck collided with the rear of the Fields' truck, and Howard was injured. Howard testified that he had had several occasions to replenish the brake fluid in the truck and that he carried brake fluid with him as a matter of routine. Howard was asked: "Assuming now, that your brakes had been in good working order, would you have been able to have stopped your truck before you collided with the rear of the truck being driven by Taylor Fields?" to which he answered, "Yes, sir."

The appellant contends that certain statutory violations on the part of Fields convict Fields of actionable negligence. There was evidence for appellant that the tires on the Fields' truck were 8 feet, 4 inches apart and that the distance between the two rearview mirrors on the truck was 9 feet, 9 inches, both measurements being greater than the statutory maximum width of 8 feet as prescribed by KRS 189.221. Since the bridge was only 19 feet wide, there was no way, appellant contends, that Fields could have complied with KRS 189.310(2) so as to afford half the highway to oncoming traffic.

Appellant urges that he was entitled to an instruction under the last clear chance doctrine inasmuch as Fields should have noted in his mirror that appellant's truck was out of control and moved ahead on the bridge so as to give appellant running room.

■ We think there are many patent weaknesses in the appellant's position. In the first place, there is no evidence that Fields observed appellant's truck in a distressed situation, nor is there any evidence to suggest that Fields had any way to know that appellant's brakes had failed. Secondly, there is no basis for concluding that Fields could have pursued a course of conduct which would have prevented the accident even if he had known the condi-

tion of appellant's brakes. Additionally, the suggested "last clear chance" of Fields presupposes that Fields could view through his rear-view mirror the impending danger—make a judgment that the overtaking truck was out of control—put his own vehicle in motion and cope with the traffic meeting Fields at the bridge. To state these propositions is, we think, to demonstrate that there was no chance, last, clear, or otherwise, for Fields to take preventive action.

 Conceding without deciding that there was ample proof of statutory violations by Fields, such violations did not proximately cause the accident. See Swope v. Fallen, Ky., 413 S.W.2d 82, in which the causation question arising in negligently leaving a car standing in the highway where it was struck by a vehicle with defective brakes was thus treated:

> "Any contributory negligence of the appellant in leaving his car standing longer than necessary where he was stopped was not a proximate cause of the accident, since the appellee with effective brakes would have had no difficulty in coming to an uneventful stop. Therefore the court should not have instructed on contributory negligence." Id. 413 S.W.2d 85.

See also Commonwealth of Kentucky, Department of Highways v. Graham, Ky., 410 S.W.2d 619, in which it was held that the negligent blocking of a city street was not the proximate cause of an ensuing accident resulting when the driver of a milk truck discovered his brakes were ineffective and swerved to avoid collision with the highway vehicle. There it was said that the negligence of the operator of the highway truck was superseded by the intervening negligence of the milk truck driver in driving the milk truck with faulty brakes. See also Wilborn v. Sneed, Ky., 415 S.W.2d 858.

In the case at bar we believe that appellant's claim for damages is defeated by the principles enunciated in the just cited cases and that the trial court was correct in directing a verdict for the defendants in the action.

 Complaint is made that the trial court erred in permitting United States Fidelity & Guaranty Company to intervene. It appears that the company was the workmen's compensation insurer for appellant's employer and had paid certain obligations arising by virtue of that fact. The insurance company was permitted to intervene so that it could be subrogated to any recovery which appellant might obtain. Appellant's objection to the intervention was based on the fact that the same insurance company was the liability carrier for the owner of the truck driven by Fields. We need not determine the propriety of permitting intervention in these circumstances since the appellant is not making a recovery and the matter of subrogation is moot.

The judgment is affirmed.

All concur.