**Edd ROSE and Tank Service, Inc.,
Appellants,**

v.

**Troy Gene BRANDENBURG and Patton
Brandenburg, Appellees.**

**Troy Gene BRANDENBURG and
Patton Brandenburg, Appellants,**

v.

**Edd ROSE and Tank Service, Inc., Appellees.**

Court of Appeals of Kentucky.

Jan. 16, 1970.

Edward Jackson, Buford A. Short, Rose & Short, Beattyville, for appellants and cross-appellees.

H. M. Shumate, Shumate, Shumate & Flaherty, Irvine, for appellees and cross-appellants.

NEIKIRK, Judge.

Appellant Edd Rose was operating his farm tractor with plows attached along a graveled road in Lee County. Meeting Rose was a gasoline truck operated by Bill Stamper and belonging to appellant Tank Service, Inc. Rose hailed his friend Stamper, who stopped the gasoline truck on the road opposite the farm tractor. This maneuver blocked the entire road. The friends engaged in conversation, evidently oblivious to the hazard they had created for those using the road. Appellee Troy Gene Brandenburg, operating a loaded log truck belonging to appellee Patton Brandenburg and proceeding in the same direction as the farm tractor, was more or less suddenly confronted with this uncommon situation. The log truck hit the farm tractor and the gasoline truck. Edd Rose was unceremoniously detached from his tractor and suffered bodily injuries. The farm tractor and the gasoline truck, as well as the log truck, were damaged.

Appellant Edd Rose sought damages from appellees Troy Gene Brandenburg and Pat-

ton Brandenburg. In a separate action, appellee Patton Brandenburg sought to recover damages to his log truck from appellants Edd Rose and Tank Service, Inc. A counterclaim was filed by Tank Service, Inc. The cases were consolidated for trial.

Appellants, as plaintiffs in the trial court, presented their proof. At the conclusion of the evidence, appellees moved for a directed verdict. The trial court entered judgment reciting in part: "The court after reviewing the evidence is of opinion and now rules that all of the parties to this action were guilty of negligence and contributed to the collision * * *."

The judgment dismissed the claims of all parties. All are here, by appeal or cross-appeal.

The evidence introduced by appellants was rather brief: the appellants had stopped their vehicles in such a manner as to completely obstruct the road; the operator of appellee's log truck had a clear and unobstructed view of the obstacles in his path for 400 feet or more; and there was brake fluid on one of the wheels of the log truck.

Appellants complain that the trial court erred in directing a verdict against them at the conclusion of their evidence. We agree. Appellee Patton Brandenburg, just as vehemently, complains that the trial court should not have dismissed his claim for damages to his log truck sans affording him opportunity to present his evidence. We agree.

The trial court took the position that all parties were negligent as a matter of law. We agree that appellants were negligent as a matter of law, but this negligence must have been a proximate cause of the accident, either to bar their claim or to impose liability against them on the appellees' claim. Appellee had 400 feet in which to stop the log truck. Reasonable minds might believe that with effective brakes he should have had no difficulty in coming to an uneventful stop long before striking the parked vehicles obstructing the road.

In Swope v. Fallen, Ky., 413 S.W.2d 82, we said:

"Any contributory negligence of the appellant in leaving his car standing longer than necessary where he was stopped was not a proximate cause of the accident, since the appellee with effective brakes would have had no difficulty in coming to an uneventful stop. Therefore the court should not have instructed on contributory negligence."

See also Howard v. Fields, Ky., 433 S.W. 2d 629.

The evidence in the instant case was not sufficient to warrant the conclusion that as a matter of law the blocking of the road by the appellants was a proximate cause of the accident. Thus, the trial court erred in dismissing the appellants' claim.

The trial court erred also in dismissing the appellees' claim without having afforded them the opportunity to introduce evidence to show their lack of negligence and to establish causation from the appellants' negligence.

The judgment is reversed on both appeals.

All concur.