Eli WOOSLEY, Jr., Appellant,

v.

Ruby Mudd SMITH, Appellee.

Court of Appeals of Kentucky.

Oct. 8, 1971.

Dissenting Opinion Oct. 15, 1971.

Reford H. Coleman, Faurest, Collier, Arnett, Hensley & Coleman, Elizabethtown, for appellant.

Richard E. Moorman, Leitchfield, J. Frank Drane, Chris Duvall, Louisville, for appellee.

GARDNER, Commissioner.

Ruby Mudd Smith, appellee, was in her car on Highway 62 between Caneyville and Leitchfield when she was struck by a car driven by appellant, Eli Woosley, Jr. Mrs. Smith had stopped on the main traveled portion of the highway. She was planning to back up to a place where she could drive onto the shoulder of the road and there pick up a friend who frequently accompanied her to their place of employment. Two cars following her moved to the left-hand lane and passed. Woosley's car, which was following the other two cars, instead of moving to the left-hand lane, continued in the right-hand lane and struck Mrs. Smith's car in the right rear. Woosley's car came to a stop with the right front part on the right shoulder of the road.

In Mrs. Smith's action for damages, judgment was entered on a jury verdict in her favor. Woosley's counterclaim was dismissed. This appeal is from the judgment.

Section 189.450(1) of the Kentucky Revised Statutes provides in part:

"No person shall stop a vehicle, leave it standing or cause it to stop or to be

left standing upon the main traveled portion of a highway; * * *." [1]

It is well settled in this jurisdiction that violation of a traffic statute is negligence per se, or negligence as a matter of law. Ross v. Jones, Ky., 316 S.W.2d 845 (1958); Saddler v. Parham, Ky., 249 S.W.2d 945 (1952). It must be conceded that appellee violated the above quoted statute when she stopped on the highway. To preclude recovery, however, her stopping on the highway must be a proximate cause of the accident. If reasonable minds can only conclude that a traffic violation is the cause of the accident, recovery will be denied the violator as a matter of law unless the last clear chance doctrine is applicable. If reasonable minds could differ on the question of causation, then the jury should determine the issue. If it is clear that the violation has no connection with the accident, the violation should not be considered in any way. These criteria are more fully explained in Ross v. Jones, Ky., 316 S.W.2d 845 (1958).

The court is of the opinion that Mrs. Smith's stopping on the highway under the circumstances outlined above was a direct and proximate cause of the accident as a matter of law. Therefore the trial court erred in submitting the question of causation to the jury. We believe, however, the chancellor was correct in giving a last clear chance instruction. Mullins v. Bullens, Ky., 383 S.W.2d 130 (1964). On a retrial of the case, if the evidence is substantially the same as in the first trial, the trial court is directed to present instructions to the jury which would permit Mrs. Smith to recover only under the last clear chance doctrine and permit Woosley to recover on his counterclaim if not found contributorily negligent. Cf. Yates v. Wilson Bros.

Trucking Co., Ky., 471 S.W.2d 744 (decided September 24, 1971).

The judgment is reversed and this case is remanded for another trial consistent with this opinion.

MILLIKEN, C. J., and EDWARD P. HILL, Jr., NEIKIRK, PALMORE and STEINFELD, JJ., concur.

REED, J., concurs in result.

OSBORNE, J., dissents.

OSBORNE, Judge (dissenting).

I dissent from the majority opinion in this case because I believe it to be contrary to the decision of this court in Ashton v. Roop, Ky., 244 S.W.2d 727, and many other cases of like import. I believe these cases require the question of proximate cause in cases such as this to be submitted to the jury.

There are so many varying circumstances under which an automobile may be stopped and many varying conditions such as the weather, whether it is daylight or dark, etc., that a court should not say that such stoppings are negligence per se.

In Crawford Transport Company v. Wireman, Ky., 280 S.W.2d 163, we held that a motorist who collided with a large transport truck parked across the highway when attempting to enter a private driveway was not entitled to a directed verdict since the truck was not one stopped or parked under the terms of the statute but was "in operation."

In the case before us, Mrs. Smith's car was still in operation in that she was in it, it was in gear and the motor was running. I would affirm the judgment.

---

1. The statute sets forth certain exceptions, none of which applies here.