**OHIO CASUALTY INSURANCE COMPANY, Appellant,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

March 31, 1972.

W. R. Patterson, Jr., Landrum, Patterson & Dickey, Lexington, for appellant.

Carl Miller, Dept. of Highways, Frankfort, C. E. Fautz, Dept. of Highways, Louisville, for appellee.

CULLEN, Commissioner.

Ohio Casualty Insurance Company appeals from a circuit court judgment affirming an order of the Kentucky Board of Claims which dismissed a claim the company had asserted against the Kentucky Department of Highways, for indemnity or contribution on the amount of a settlement the company had made of a claim, against a motorist insured by the company, arising out of a highway accident. The company asserted that the accident was caused by a defect in the highway attributable to negligent maintenance. The Board of Claims found that the highway department was negligent, but found that the defect was not a proximate cause of the accident.

The accident occurred on U. S. Highway No. 60 within the city limits of Frankfort. The highway has two west-bound lanes and two east-bound lanes, separated by a low asphalt median strip about three feet wide. Each lane is approximately 12 feet wide. Corrine Shouse was driving a Pontiac automobile equipped with power steering and power brakes, which belonged to her sister and which she had driven on two previous occasions. Her own car did not have power brakes. Mrs. Shouse was headed west in the outer (northern) lane. Next to the curb in that lane was a storm-sewer basin. The right wheels of Mrs. Shouse's car dropped into the basin with a thump; her sister, who was a passenger in the car, screamed; she applied her brakes, lost control of the car, and it swerved clear across the highway into the outer (southern) *east*-bound lane, where it collided with a car driven by Mary Tuttle.

Ohio Casualty, as liability insurance carrier on the car driven by Mrs. Shouse, settled Mrs. Tuttle's claim for damages by paying her $10,820. Ohio Casualty then filed with the Board of Claims the claim here in issue, against the highway department, seeking indemnity or contribution. As hereinbefore stated, the Board of Claims dismissed the claim on a finding that the defect in the highway was not a proximate cause of the accident.

The storm-sewer basin which Mrs. Shouse ran into extended 18 to 20 inches from the curb into the outer west-bound lane, and was from 6 to 8 feet in length. At the point farthest from the curb its depth was $5\frac{1}{4}$ inches, and the depth increased to $8\frac{1}{2}$ inches at the curb. Mrs. Shouse testified that she did not see the basin, and when her right wheels ran into it she thought from the thump sound that she had hit a child, which was why she applied the brakes. There was no evidence

of physical damage to her car that would cause her to lose control.

█ The issue for our consideration is that of proximate cause. Specifically, the issue is whether the defect in the street was as a *matter of law* a proximate cause of the accident, so as to render erroneous the Board of Claims' factual finding to the contrary. The appellant suggests that since the "facts" are not in dispute the *question* of proximate cause is one of law. That is not correct, because the mere fact that the *circumstances* are not in dispute does not preclude the existence of an issue of fact, as with respect to *inferences* to be drawn, the measure of human experience, and reasonable foreseeability.

█ In Kentucky we always have determined proximate cause on the basis of whether the injury is a natural and probable consequence of the negligent act, which test involves the element of foreseeability. Snydor v. Arnold, 122 Ky. 557, 92 S.W. 289; Nunan v. Bennett, 184 Ky. 591, 212 S.W. 570; Riley v. L. & N. R. Co., 231 Ky. 564, 21 S.W.2d 990; Dixon v. Kentucky Utilities Co., 295 Ky. 32, 174 S.W.2d 19; Dick v. Higgason, Ky., 322 S.W.2d 92; Eaton v. L. & N. R. Co., Ky., 259 S.W.2d 29. The test applies to negligently created *conditions* as well as to negligent conduct Parker v. Redden, Ky., 421 S.W.2d 586.

█ If reasonable minds could differ as to whether the injury was a natural and probable consequences of the negligent act, the question is for the jury. Saddler v. Parham, Ky., 249 S.W.2d 945. Differing human experiences may produce different conclusions as to what is natural or what is probable.

The parties have not cited to us any cases closely analogous in circumstances. We, however, have found a few, and in none of them was it held that the defect in the highway was *as a matter of law* a proximate cause of the injury.

In Gray v. Des Moines, Iowa, 221 Iowa 596, 265 N.W. 612, an automobile struck a break in the pavement in a city street, swerved to the left, and collided with a truck approaching on the other side of the road. The court held that the question of proximate cause, in a suit against the city by a passenger in the car, was for the jury. Substantially to the same effect was the holding in Jones v. Sioux City, Iowa, 185 Iowa 1178, 170 N.W. 445. Other cases are annotated in 104 A.L.R. 1231. In Shaft v. State, 239 App.Div. 144, 268 N.Y.S. 160, where there was a dangerous perpendicular drop-off from the pavement to the shoulder and a car went out of control and struck another as a result of going over the drop-off, the court held that as a matter of law the defect was *not* a proximate cause of the accident. And in Hoffman v. McKeesport, 303 Pa. 548, 154 A. 925, where a coal truck ran into a foot-deep hole in the street, went out of control and struck a street car, the court likewise held that as a matter of law the defect was *not* a proximate cause of the accident.

█ It is our opinion that reasonable minds could find causation in the instant case. But we are not convinced that reasonable minds could not differ. We are not prepared to say that human experience has demonstrated beyond question that the going out of control of an automobile upon its hitting a hole in the street is natural and probable—that it happens so often as to be expectable.

The judgment is affirmed.

All concur.