**Howard E. CLAYCOMB, Appellant,**

v.

**Clarence HOWARD, Appellee.**

Court of Appeals of Kentucky.

April 20, 1973.

J. Henry Gibson, Paul D. Miller, Gibson & Miller, Hardinsburg, for appellant.

Morton Holbrook, Sandidge, Holbrook, Craig & Hager, Owensboro, for appellee.

VANCE, Commissioner.

The appellant, plaintiff below, instituted this action for personal injuries and property damage arising out of a motor-vehicle collision. Judgment was entered on a jury verdict in favor of appellee, defendant below.

Appellant was operating his automobile southwardly on Kentucky Highway No. 333 at approximately fifty to fifty-five miles per hour when he struck the left rear of appellee's motor vehicle. The appellee, also traveling southwardly on Kentucky Highway No. 333, had driven past the Dents Bridge Road intersection onto which he had intended to make a right turn and at the time of the collision he was either stopped or in the process of backing up.

The point of collision was just over the crest of a small hill and it was in dispute as to whether appellant had a clear view of the appellee's vehicle before the collision for only ninety feet, as appellant claimed, or for several hundred feet, as appellee claimed.

Appellant contends he was prejudiced by six trial errors which necessitate a new trial. We will discuss them in the order presented.

The first assignment of error relates to the testimony of a state police officer who testified as follows:

"Q. 29. From your knowledge of the 'Y' intersection at the intersection of Dense [sic] Bridge Road with 333, as it existed on June 3, 1969, with the traffic from U. S. 60 detoured over 333, and with the hill at the place you have indicated and the intersection at the place you have indicated, with your experience as a state trooper, skilled in speed—safe driving speed—what is your opinion as to whether 50 or 55 miles an hour was a safe speed for Mr. Claycomb to be driving on June 3, 1969, at this particular place?

MR. GIBSON: We object to that on the grounds that he has not asked him how much the speed limit was, and a man has the right to drive by the speed limit.

MR. HOLBROOK: Your Honor, please . . .

THE COURT: I think he can answer it.
(TO WHICH RULING PLAINTIFF EXCEPTS)

A. I think 50 or 55 would be a reasonable speed, yes, sir.

Q. 30. Now, Officer, did you have a different opinion right after you investigated this accident?

MR. GIBSON: We object to that.

MR. HOLBROOK: Now, Judge . .

THE COURT: Just a minute. You can ask him if he made any statement.

Q. 31. Did you make any statement different than that right after the accident?

A. Yes, sir, I did.

Q. 32. What was your opinion at that time?

A. It was too fast for road conditions, sir.

Q. 33. What was your opinion when I talked with you about this accident on Sunday afternoon?

A. Too fast for road conditions.

Q. 34. Now, how did you change your opinion from right after the accident and Sunday afternoon until today when you're under oath?

A. It was just a fault of my own right then. At the time of the accident, it was too fast, yes, sir.

Q. 35. Sir?

A. At the time of the accident, it was
. . .

MR. GIBSON: We object to that.

THE COURT: Overruled.
(TO WHICH RULING PLAINTIFF EXCEPTS)

A. (Continuing) Due to the vehicles involved and the debris on the highway, gravel and lime dust on the highway.

Q. 36. It was your opinion then and it is your opinion now that that was too rapid a rate of speed to be safe on that highway?

A. At that time, yes, sir.

"Q. 37. And that's still your opinion?

A. Yes, sir."

A police officer cannot express his opinion on the reasonableness of speed of an automobile at the time of an accident because such testimony invades the province of the jury. Hoover Motor Express Company v. Edwards, Ky., 277 S.W.2d 475 (1955). Conceding that the testimony was incompetent, appellee questions whether the objection to the testimony was sufficient to apprise the trial court of the ground of the objection. CR 46 relating to rulings of the court requires an objection to preserve an error for review but the grounds of objection need not be stated unless requested by the court.

In this case the appellant advanced a ground for his objection without any request by the court and in a strict sense the ground advanced by him was not the proper one. The question then is whether by advancing an insufficient ground for the objection the appellant misled the court into making an incorrect ruling? In some cases an objection grounded upon an insufficient or improper reason totally unrelated to a proper ground of objection may mislead the court. But in the circumstances under consideration here the court feels that the objection, although technically insufficient, was nevertheless sufficiently related to the proper ground as to preserve the issue for review.

Appellee further argues that the objection to the testimony of the state trooper was waived by the appellant when he subsequently called the sheriff as a witness and asked him whether a speed of fifty to fifty-five miles per hour at the time and place of the collision was safe and reasonable. Appellee relies upon Carroll v. Carroll, Ky., 251 S.W.2d 989 (1959); Moore v. Wilson, 230 Ky. 49, 18 S.W.2d 873 (1929); Marsden Co. v. Bullitt, Ky., 72 S.W. 32 (1903) and Cordle v. Allied Chemical Corporation, 309 F.2d 821 (6th Cir. 1962). All of the cited cases hold that an objection to testimony is waived when the objecting party later introduces evidence of substantially the same facts.

We think the cases are inapplicable to the present situation for the reason that the testimony of the sheriff was not substantially the same as the testimony of the state trooper. It dealt with the same subject matter but rebutted the state trooper's testimony.

The rule in such cases is stated in McCormick on Evidence, Second Edition, Section 55, Waiver of Objections, page 128, in the following language:

"If it happens that a party who has objected to evidence of a certain fact himself produces evidence from his own witness of the same fact, he has waived his objection. However, when his objection is made and overruled he is required and entitled to treat this ruling as the 'law of the trial' and to explain or rebut, if he can, the evidence which came in over his protest. * * *."

The same rule is expressed in Wigmore, Volume 1, Third Edition, Section 18D, Waiver of Objection.

Appellee further argues that even if the appellant's objection was sufficient and not subsequently waived, the error in the admission of the trooper's testimony was not prejudicial.

The trooper was permitted to express his opinion that appellant's speed at the time of the accident was unsafe and unreasonable. The instructions to the jury imposed upon the appellant a duty to operate his automobile at a speed that was reasonable and proper. The incompetent testimony was thus related to a vital issue in the case and although the trooper's testimony was in some respects equivocal this court cannot say that it had no prejudicial effect.

The appellant contends that the admission into evidence of certain photo-

graphs designed to show the visibility of appellee's motor vehicle at various distances from the point of collision was error. The admission of posed or staged photographs must be done with extreme caution and the trial court is charged with the duty of ascertaining that photographs are not prejudicial before allowing them to be introduced into evidence.

■ The jury was permitted to visit the scene of the accident and view the roads and the approach to the intersection. The jury, having the benefit of viewing the scene, could decide without consideration of the photographs, the question of visibility. Under the circumstances the introduction of the photographs was not error.

■ The appellant contends that he was entitled to a directed verdict. In our opinion the evidence in this case presented a jury issue. Appellant's negligence or lack of it was clearly a jury question. Appellee's stopping or backing his automobile on the main traveled portion of the highway constituted negligence as a matter of law on his part. Whether such negligence was a substantial factor in causing the collision was a jury question.[1] Restatement 2nd,

Torts, Section 431. Rose v. Brandenburg, Ky., 449 S.W.2d 763 (1970); Swope v. Fallen, Ky., 413 S.W.2d 82 (1967); State Contracting and Stone Co. v. Fulkerson, Ky., 288 S.W.2d 43 (1956) and Williams v. Chilton, Ky., 427 S.W.2d 586 (1968).

Appellant further complains of improper instructions, of improper interrogation of a police officer by appellee's counsel concerning his police report and improper closing argument.

We do not find an objection to the instructions in the record. We have reviewed the record and see no impropriety in the interrogation of the police officer by appellee's counsel nor do we feel that the concluding argument of counsel exceeded the bounds of propriety.

The judgment is reversed for further proceedings in conformity with this opinion.

PALMORE, C. J., and OSBORNE, REED, MILLIKEN, STEPHENSON and STEINFELD, JJ., sitting.

All concur.

---

1. Certain portions of the original opinion of this court have been modified as a result of a petition for rehearing filed by appellee but the result was not changed. We note that Woosley v. Smith, Ky., 471 S.W.2d 737 (1971), and Ferguson v. Stevenson, Ky., 427 S.W.2d 822 (1968), seemingly hold that stopping or backing on the highway constitutes both negligence and proximate cause as a matter of law. The appellant did not cite these cases nor did he file a petition for rehearing or question in any way the original holding in this case that appellant was not entitled to a directed verdict. Since the question of a possible conflict between Ferguson and Woosley, supra, and Rose v. Brandenburg and Swope v. Fallen, supra, was not raised by the parties nor briefed for this court, we do not feel that this is a proper case to attempt to reconcile any conflict between them on the question of proximate cause as a matter of law. Upon the retrial of this case, the issue of whether appellee's negligence was a substantial factor in causing the accident will be submitted to the jury under a proper instruction.