**Will M. CHANDLER and Mary L. Hays Chandler, Plaintiffs-Appellants,**

v.

**EDGAR W. LONG, INC. and J. L. Lawson, Defendants-Appellees.**

No. 78–3341.

United States Court of Appeals, Sixth Circuit.

Argued April 11, 1980.

Decided June 12, 1980.

Rehearing Denied July 25, 1980.

G. Wayne Bridges, Thomas R. Kerr, Covington, Ky., Frank R. Parsons, Birmingham, Ala., for plaintiffs-appellants.

Gerald F. Dusing, Rodney S. Bryson, Covington, Ky., for defendants-appellees.

Before ENGEL and JONES, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This is an appeal by plaintiffs-appellants, Will M. Chandler and his wife, Mary L. Hays Chandler, from a judgment on a jury verdict in favor of defendant-appellees, Edgar W. Long, Inc. and J. L. Lawson, in the United States District Court for the Eastern District of Kentucky.

The cause of action arose as a result of an accident occurring in Covington, Kentucky, on September 27, 1974, in which a 1973 tractor-trailer truck, driven by appellant Will M. Chandler, was struck from the rear by a 1971 tractor-trailer truck, driven by appellee, J. L. Lawson. All parties to the action were non-residents of Kentucky and jurisdiction was based on diversity of citizenship. Therefore, the action was tried under the statutory and case law of Kentucky. *Erie R. R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The appellants filed separate complaints and amended complaints. For a cause of action each complaint briefly alleges that appellant Will M. Chandler, on September

27, 1974, was lawfully operating a 1973 Peterbuilt tractor-trailer truck on Highway I–75 Southbound in Covington, Kentucky, when it

> "was struck from the rear by a 1971 International tractor trailer truck negligently driven and operated by defendant J. L. Lawson, and leased by Lawson to defendant Edgar W. Long, Inc."

It is alleged in the complaints that Edgar W. Long, Inc. is the lessee of the vehicle driven by Lawson and, as a result thereof, according to the evidence at trial and the instruction of the judge, Lawson was the agent of Long in the operation of the truck driven by him.

Appellant Will M. Chandler alleges extensive personal injuries and seeks compensation for medical expenses, present and future, lost wages, present and future, physical pain and suffering, mental anguish, attorney fees and other related expenses. The appellant Mary L. Hays Chandler alleges, as a result of her husband's injuries, she has been deprived of his full services, love, affection and consortium as husband and mate.

One of the errors complained of by the plaintiff is that the court erred in giving an instruction to the jury on sudden emergency.

The evidence relating to this emergency, according to the testimony of Mr. Lawson, is as follows:

Q. "Now, tell us in your own words what happened.

A. "Well, like I said, traffic was very heavy and we were stop-and-go, and just prior to this Twelfth Street entrance there is a little incline you come up and we come up and we come over the top of that and as you go down the other side, prior to the Jefferson Avenue exist (sic), there's a large hill to climb. We were coming down the center lane. I got a little distance between myself and Mr. Chandler and I was making an attempt to move into my right lane in preparation for climing (sic) the hill, as we are required, slow traffic to be in the right lane. As I was looking through my mirror, had my signal on, a car had slowed down enough for me to get in front of it, and when I saw him at the rear portion of my trailer, I started to move into the right lane and when I glanced back, forward on the emergency side of the road there were these piggyback trucks setting and there was a car setting behind them and he pulled out in front of me, making me go back into the center lane, and when I got back in that center lane there sat Mr. Chandler.

Q. "Was Mr. Chandler stopped, if you know?

A. "I don't know if he was dead stopped or not, sir.

Q. "Did you see this vehicle that came out from behind the piggyback unit before it did start out?

A. "No sir.

Q. "Did you have room to stop in the righthand land if you went in there before you would have struck that vehicle?

A. "No sir, I would have hit him.

Q. "Was it a truck or an automobile?

A. "It was a car, sir."

Q. "So when you were faced with this situation, you attempted to get back into the center lane. Did you make it?

A. "Yes, sir.

Q. "Were you straight in the center lane at the time of impact?

A. "Yes, sir."

We conclude that this testimony presented questions of fact for the jury to determine which required the trial judge to instruct the jury on the law of sudden emergency. See *Harris v. Thompson*, 497 S.W.2d 422, 427–428 (Ky.1973); *House v. Kellerman*, 519 S.W.2d 380, 384 (Ky.1975). Under the instructions, as given, it was the duty of the jury, first, to determine whether Lawson got himself into a position of danger through his own negligence. If he

did, he was not entitled to the benefit of the law of sudden emergency. If he were not negligent in getting into the situation that he was in, it was then a question of fact for the jury to determine whether, under the circumstances, he exercised

"such care as an ordinarily prudent person would exercise under the same conditions and circumstances."

█ When reasonable minds can reach different conclusions, the issue of fact must be submitted to the jury. *Moskowitz v. Peariso,* 458 F.2d 240, 244 (6th Cir. 1972). The correctness of the law of the instruction is not challenged.

Another error complained of by the plaintiffs-appellants is that the trial judge instructed the jury with reference to the plaintiffs' burden of proof. No timely objection was made to this charge. The trial judge ruled on this issue in denying the plaintiffs' motion for Judgment Not Withstanding the Verdict or for a new trial. For the reasons stated in the judge's opinion, we conclude that the judge was not in error in giving the instruction. The judge's opinion is attached hereto as Appendix A.

█ We find no merit to the complaint of the plaintiffs for the failure of the trial judge to give to the jury their proposed instructions. They are generally with reference to the requirement of appellee Lawson to use ordinary care in driving his truck. We are of the opinion that the instructions of the trial judge adequately covered the subject.

█ Another claim made by plaintiffs-appellants is that they were entitled to a directed verdict, due to the negligence of the defendant-appellee Lawson, as a matter of law, in violating certain statutes and in failing to maintain a lookout ahead.

Section 189.340(6)(b) Kentucky Revised Statutes provides:

"The operator of any motor truck, semi-trailer truck, bus or heavy construction equipment unit when traveling upon a highway outside of a business or residential district shall not follow within 250 feet of another such vehicle or equipment

unit. This subsection shall not . . . apply to any lane specifically designated for use of motor trucks or semi-trailer trucks, buses or heavy construction equipment units."

There is no evidence as to whether the location of this accident was in the business or residential district of Covington, Kentucky. The District Judge was a resident of Kentucky and he apparently took judicial notice of the fact that the area was in the business or residential area of the city.

"Thus, it refused to give the instructions inasmuch as the proof showed that this vehicle collision occurred in a business or residential district within the city of Covington." (Judge's opinion)

We conclude, therefore, that this statute was not applicable to the facts of this case.

Section 189.390(2)(b) Kentucky Revised Statutes provides:

"For motor truck and semi-trailer trucks, thirty-five (35) miles per hour in any business or residential district, fifty (50) miles per hour in other locations."

The appellant states in his brief (not found in the Appendix):

"Lawson himself testified that he was going 35 to 40 m.p.h. and that the traffic was bumper to bumper."

Lawson testified, on direct examination, that when he started back into the center lane, he would estimate that he was going 35 and that, at the time of the impact, he had slowed to 20. On redirect examination he was asked, "You had been traveling about 34 or 40 just prior to the accident?" "Yes, sir. I would estimate it at that."

█ Under this state of the testimony, it was a question of fact for the jury to determine the speed of the Lawson truck and where it was at the time of such speed, with relation to the accident. And, if his speed were in excess of the statutory provision, whether it was the proximate cause of the accident.

We conclude that the plaintiff-appellant was not entitled to a directed verdict as a matter of law for violation of either of the above Kentucky statutes.

We find no merit to plaintiffs-appellants' claim that they were entitled to a directed verdict as a matter of law for failure on the part of Lawson to maintain a proper look-out ahead. We have held heretofore that there was a factual situation created for the jury to determine whether the appellee Lawson was faced with an emergency or whether he got himself into a dangerous situation by his own negligence. This would include the factual question of whether any negligence in failing to maintain a proper lookout was the proximate cause of the accident.

■ Neither do we find merit to the claim of the appellees that the Court erred in omitting the name of Long, Inc. from the interrogatories which were given to the jury. The Court instructed the jury with reference to the name of Long, Inc. on the interrogatories as follows:

"Essentially, you don't find any reference on these to the defendant, Edgar Long, Inc., because essentially if Mr. Lawson was negligent, then Mr. Lawson and the company Long are both responsible for the damages, so you don't need to worry about not finding that name on here."

This could not have been prejudicial to the plaintiffs-appellees for, as the jury was instructed, if they found Lawson negligent, then Edgar Long, Inc. would be equally liable in damages.

■ Finally, it is claimed that the Court erred in using the term "substantial factor" instead of "proximate cause" in determining the degree of proof it should use in making findings for the plaintiffs-appellants. The trial judge said it was clearly Kentucky Law to use "substantial factor". We agree.

Judge Siler instructed the jury in the form specified in *House v. Kellerman*, 519 S.W.2d 380, 384–385 (Ky.1975). In that decision, the Kentucky courts were directed to instruct the jury to determine whether a defendant's failure to comply with a duty to the plaintiff "was a substantial factor in causing the accident."[1]

Plaintiffs in the case at bar argue, however, that this instruction is to be used only in situations where there are multiple defendants or the defense of contributory negligence is raised. Yet plaintiffs cite no case or statutory law in support of this proposition and we can find none. On the contrary, the Kentucky case of *Claycomb v. Howard*, 493 S.W.2d 714 (Ky.1973) provides authority for the opposite conclusion. That case, as the one now before this Court, involved an action for personal injuries arising out of a rear-end automobile collision involving two vehicles. The court held that whether defendant's negligence was a "substantial factor" in causing the collision was a jury question. *Id.* at 718. The court stated that, upon the retrial of the case, "the issue of whether (defendant's) negligence was a 'substantial factor' in causing the accident would be submitted to the jury under a proper instruction." *Id.* at 718.

In *Cox v. Cooper*, 510 S.W.2d 530 (Ky. 1974), a plaintiff mother, who received injuries in a motor vehicle accident, resulting in the death of her unborn child, filed suit against her husband (driver of the vehicle in which she was the passenger), and the operator of the other vehicle involved in the collision. The court held that, in the case of civil defendants,

"* * * the instructions should set forth the duties of each defendant and condition a verdict against him upon the jury's belief from the evidence that he failed to comply with one or more of those duties and that such failure was a substantial factor in causing the accident." *Id.* at 534.

In view of the foregoing, it is submitted that Judge Siler correctly instructed the jury in this case.

We do not find in the record that there was any timely objection made to the use of this language. According to Rule 51, Federal Rules of Civil Procedure.

---

1. "Are you satisfied from the evidence that Leslye Hill failed to comply with any one or more of these duties and, if so, that such failure was a substantial factor in causing the accident?"

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objections."

Judgment of the District Court is affirmed.

## APPENDIX A

Plaintiffs are correct when they say that Kentucky law provides that juries are not to be instructed on the burden of proof in a civil case. See *Utilities Appliance Co. v. Toon's Adm'r*, 241 Ky. 823, 45 S.W.2d 478 (1932). However, the instructions are to "be framed so as to approximately indicate which litigant has the affirmative burden of persuasion." *Rankin v. Blue Grass Boys Ranch, Inc.*, 469 S.W.2d 767, 773 (Ky.1971). In this case, the instruction was from *Devitt & Blackmar*, [3] *Federal Jury Practice and Instructions* § 71.14 (3d ed. 1977), and was tendered by the defendant, Edgar W. Long, Inc. The Court instructed the jury in accordance with the tender, and plaintiffs, although objecting to several of the instructions, did not make objection to this particular instruction pursuant to Rule 51 Fed.R. Civ.P. Thus, as that rule states: "No party may assign as error the giving or the failure to give any instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objections."

Therefore, any error in giving of this instruction is not ordinarily available to be raised at this time after the jury has returned its verdict. See *Solomon v. United States*, 276 F.2d 669, 674 (6th Cir.), *cert. denied*, 364 U.S. 890, 81 S.Ct. 219, 5 L.Ed.2d 186 (1960). However, if it was an "obvious and prejudicial" error to have given the instruction, then, even if the objection was not preserved, it might be grounds for a new trial. See *Batesole v. Stratford*, 505 F.2d 804, 810 (6th Cir. 1974). On the other hand, as *Burns v. Capitol Beverage Co.*, 472 S.W.2d 510 (Ky.1971), seems to indicate, such an instruction might not be in error,

anyway. Certainly it does not amount to being "obvious and prejudicial," so as to warrant a new trial without the error being preserved before the jury began its deliberations.