99 F.3d 1139
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allen N. SIDEBOTTOM, Plaintiff-Appellant,
v.
HARRISBURG MASONRY, INC. and Howard W. Pence, Inc.,
Defendants-Appellees.
 No. 95-6195, 95-6216.
 United States Court of Appeals, Sixth Circuit.
 Oct. 25, 1996.
 
 On Appeal from the United States District Court for the Western District of Kentucky, No. 93-00476; Charles R. Simpson, III, Chief Judge.
 W.D.Ky.
 REVERSED.
 Before: KEITH, SILER, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Allen N. Sidebottom, appeals the district court's granting of summary judgment for the defendant, Harrisburg Masonry, Inc. ("Harrisburg"), in this diversity action for personal injuries in a job-related accident. Sidebottom contends that he produced sufficient evidence that Harrisburg's negligence may have been a proximate cause of his injuries so as to survive a motion for summary judgment. For the following reasons, we REVERSE the decision of the district court.
 
 I.
 
 2
 This litigation arose following an accident suffered by Sidebottom while he was working on a construction project at Fort Knox, Kentucky. At the time of the accident, Sidebottom was working as an ironworker for Howard W. Pence, Inc. ("Pence"), the general contractor on the project. Harrisburg worked for Pence as a masonry subcontractor. The accident occurred while Sidebottom was working on the inside section of a masonry wall. Edgar Humm, the owner of Harrisburg, was working on the outside section of the same wall. Sidebottom's job that day was to install angle iron on the inside of the wall, which was approximately 23 feet 4 inches tall. The angle iron was to be placed on the wall at a height of 20 feet 8 inches. To perform this task, Sidebottom used an elevated platform known as a scissor lift. The scissor lift was restricted to a height of 16 feet, and its platform was surrounded by a 38-inch safety rail. Accordingly, Sidebottom could perform his task by standing on the platform and leaning against the railing.
 
 
 3
 That morning, following a rain delay, work was resuming when Humm asked Sidebottom a question concerning the length of some plates he was about to install. At that time, Humm was working at or near the top of the wall opposite Sidebottom. Sidebottom had yet to return to his station and was on the ground. Sidebottom told a co-worker that he was going up the lift to speak with Humm.
 
 
 4
 There were no eyewitnesses, and Sidebottom has no recollection of the accident. However, it is the belief of his accident reconstruction expert that Sidebottom, in an effort to converse with Humm, climbed out of the platform and stood on its railing. Sidebottom supported himself by leaning against a masonry block at the top of the wall. The block gave way, and Sidebottom fell to the ground, suffering injuries.
 
 
 5
 Sidebottom then sued Harrisburg, which was responsible for the construction of the wall, on a negligence theory. In support of his claim, Sidebottom offered the testimony of two experts: H. Richard Hicks and Richard E. Larew. They collectively testified that Harrisburg was negligent in its construction of the wall, that this negligence partially caused the accident, and that Harrisburg should, thus, be held partially responsible.
 
 
 6
 Finally, the undisputed facts reveal that Sidebottom violated at least two safety rules on the occasion in question. He failed to wear a safety belt while on the elevated platform, and he failed to remain inside the safety railings of the platform.
 
 II.
 
 7
 This court reviews an order granting summary judgment de novo. Johnson v. United States Postal Serv., 64 F.3d 233, 236 (6th Cir.1995). The party moving for summary judgment bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes the [evidence offered] must be viewed in the light most favorable to the opposing party." Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).
 
 
 8
 The basic issue in this case concerns whether Sidebottom produced sufficient evidence that Harrisburg's negligence may have been a proximate cause of his injuries so as to overcome a motion for summary judgment. It is undisputed that Sidebottom was contributorily negligent, arguably substantially so, in violating the two safety rules. However, should his contributory negligence preclude a jury question? The district court answered this question in the affirmative. It held that, as a matter of law, "any alleged negligence of Harrisburg was not a substantial factor in producing Sidebottom's harm."
 
 
 9
 Kentucky has adopted pure comparative negligence and, thus, permits the apportionment of damages between a plaintiff and a defendant according to the degree of fault. A plaintiff is not precluded from recovery because of his contributory fault; rather, "he may recover regardless of whether his fault is equal to or greater than tha[t] of the defendant(s)." Hilen v. Hays, 673 S.W.2d 713, 719 (Ky.1984).
 
 
 10
 In this case, the district court, in its opinion, spoke little of comparative negligence and chose, instead, to focus its inquiry on proximate causation. It correctly noted that negligence alone does not subject a defendant to liability, but, rather, it must also be established that the defendant's negligence was the proximate cause of the injury. Watters v. TSR, Inc., 904 F.2d 378, 383 (6th Cir.1990). In order to establish proximate causation, a plaintiff must prove that the defendant's negligence was a "substantial factor" in bringing about the injury. Deutsch v. Shein, 597 S.W.2d 141, 144 (Ky.1980).
 
 
 11
 The district court, in its "substantial factor" analysis, summarily concluded that any negligence on Harrisburg's part was not a substantial factor in causing Sidebottom's harm. Rather, the district court found that Sidebottom's own conduct caused his injury and that "as a matter of law reasonable minds could not find that Harrisburg's construction of the wall was a substantial factor in causing Sidebottom's accident."
 
 
 12
 This finding is erroneous. The district court took it upon itself to find that Harrisburg's negligence was not a proximate cause of Sidebottom's injuries. However, "[g]enerally, under Kentucky law, proximate cause is a question of fact for a jury." Morales v. American Honda Motor Co., 71 F.3d 531, 537 (6th Cir.1995). Whether a "defendant's negligence was a 'substantial factor' in causing the [accident is] a jury question." Chandler v. Edgar W. Long, Inc., 623 F.2d 1139, 1143 (6th Cir.1980) (citing Claycomb v. Howard, 493 S.W.2d 714, 718 (Ky.1973)). If reasonable minds could differ as to whether the injury was a natural and probable consequence of the negligent act, the question is for the jury. Saddler v. Parham, 249 S.W.2d 945, 947 (Ky.1952).
 
 
 13
 In the case at bar, Sidebottom produced two experts who stated that Harrisburg breached its duty by not conforming to industry standards and contract specifications and, thus, was negligent in constructing the wall. Hicks stated in his accident report that had the block been properly braced it "would have provided a more stable top corner block on the tower wall and would have prevented Sidebottom's accident." Additionally, in deposition, he stated, "I think we're looking at causation and that was a cause, the loose block was a cause." Furthermore, Larew stated that "[t]he defective work of Harrisburg Masonry, Inc. was one of two enabling events in the injury to Allen N. Sidebottom, ... [and] [i]t would be reasonable to allocate 50% of the responsibility for this accident to Harrisburg Masonry, Inc." Thus, if these testimonies are taken as true, a reasonable jury could conclude that Harrisburg was at least partially at fault. Therefore, reasonable minds could differ and summary judgment should not have been granted.
 
 III.
 
 14
 Next, we must consider the issue of foreseeability. "In Kentucky we always have determined proximate cause on the basis of whether the injury is a natural and probable consequence of the negligent act, which test involves the element of foreseeability." Ohio Cas. Ins. Co. v. Commonwealth, Dep't of Highways, 479 S.W.2d 603, 605 (Ky.1972). If reasonable minds could differ on this issue, the question is for the jury. Id. Surely, a contractor can foresee injury resulting from a negligently built wall. Both industry standards and the present construction contract called for bracing of the wall to prevent shifting of the blocks. Such a shifting could pose a danger to workers. At the very least, reasonable minds could differ on the question. Thus, this issue should have gone to the jury for determination.
 
 
 15
 REVERSED.